CASE 36—INDICTMENT—JUNE 9, 1883.

# Munday v. The Commonwealth.

APPEAL FROM SIMPSON CIRCUIT COURT.

1. The Criminal Code does not mean or intend that either party, having accepted the whole or a part of a panel, or, what is equivalent, having declined to challenge when duly called on by the court to pass upon them, should be permitted, at a subsequent period in forming the jury, to again pass upon and challenge the same persons.

2. Having accepted, or declining to challenge, the challenges as to those thus passed upon are exhausted.

3. When self-defense is relied upon, the proper inquiry always is, what was the danger as it appeared to the defendant, and not what the danger actually was in the judgment of the jury.

4. The rule is, that if the defendant acts upon reasonable ground he is to be excused, although the appearances were false.

MILLIKEN & BUSH, A. DUVALL, and E. W. HINES for APPELLANT.

1. The instructions of the court upon the question of self-defense are error.

2. To whom must the danger and the means of escape have been apparent? To the appellant or to the jury? Evidently to the appellant. By the instruction the jury are authorized to find the defendant guilty if the danger was not apparent to them, or if the danger was apparent to them, they were still authorized to find him guilty if a safe means of escape was apparent to them.

3. Another objection is, that the defendant should have escaped if there were any apparently safe means of escape. This is error. (Holloway v. The Commonwealth, 11 Bush, 350; 12 *Ib.*, 7; Satterfield v. Commonwealth, MS. Opin., Dec. 17, 1881; May v. Same, MS. Opin., Dec. 17, 1881.)

4. The court further erred to the prejudice of appellant in refusing to allow him to challenge a juror, when appellant had not exhausted his peremptory challenges.

5. The court notified both parties that they could pass upon the twelve names drawn, and challenge such as they desired; but that, in case they failed to challenge any of the number, that such persons as were not challenged would be regarded as accepted. Clearly this was error, and in violation of section 202, Criminal Code.

6. Time for peremptory challenge of juror. (2 Hawk. P. C., ch. 43, sec. 10; Bac. Abr. Juries E. (11); 1 Chit. Crim. Law, p. 545; Wharton's Crim. Law, sec. 3026; Bishop on Crim. Procedure, sec. 945; 15 Nev., 80; Hendrick's Case, 5 Leigh., 715; 3 Cal., 199; Proffatt on Jury Trial, sec. 194; 7 Blackf., 593; *Ib.*, 607; 23 Pa. St., 16; 4 Ohio, 350; 8 Blackf., 507; 6 Blackf., 307; 62 Ala., 387; 22 Mich., 101; 38 Mich., 10; 6 J. J. M., 637; 1 Bishop on Crim. Proc., sec. 733.)

7. The record must affirmatively show that there was a plea. (State v. Barnes, 59 Mo., 154; Graeter v. State, 54 Ind., 159; Grigg v. People, 31 Mich., 471; 24 Miss., 602; 65 Ills., 372; *Ib.*, 301; 3 Texas, 428; 2 *Ib.*, 300.)

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLEE.
No brief.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellant being indicted for manslaughter, was convicted and sentenced to confinement in the penitentiary for the term of four years.

One of the errors assigned is, that the court refused to permit him to challenge peremptorily W. R. Holdy, and ruled that the case should be tried with him as one of the jury.

It appears from the bill of exceptions that the names of twelve jurors having been drawn, who, upon examination, were found qualified, the court notified the commonwealth's attorney and defendant that they could then pass upon the jury and challenge peremptorily such of them as they desired to do, but that, in case they failed to challenge any of the number, such person on the panel as had not been challenged would be regarded as accepted; to which ruling the defendant excepted at the time.

Thereupon the commonwealth having declined to challenge any of the twelve so presented, the defendant challenged peremptorily seven of the number, but did not accept the five remaining jurors, though he refused to challenge either of them.

The clerk then drew from the panel of the remaining regular jurors the names of seven others, including Holdy, found to be qualified. The commonwealth again declining to challenge, the defendant challenged peremptorily five of the seven, leaving Holdy and one other not challenged. Five by-standers were then duly summoned and found qualified, all but one of whom were challenged peremptorily by the commonwealth.

The panel was again filled, when one of the five was challenged by the defendant. Another one was then summoned,

whom both parties declined to challenge; but appellant then offered to challenge peremptorily Holdy, which the court refused to permit.

Whether the court erred or not in this ruling must be determined by the Criminal Code, the sections thereof relating to this subject being as follows:

"Sec. 191. When an error of fact in a criminal prosecution is about to be tried, the clerk shall draw, in the manner directed by the General Statutes, the names of twelve jurors, who, if not challenged by the parties nor excused by the court, shall compose the trial jury.

"Sec. 192. When a juror is excused, or challenge to a juror sustained, the clerk shall draw the name of another juror to fill the panel, until the list of standing jurors is exhausted, when the court shall order such a number of qualified jurors as it shall deem sufficient to complete the jury to be summoned by the sheriff, and the panel shall be filled from time to time from the jurors so summoned, and if they be exhausted, similar orders may be made for summoning other jurors until the jury is completed."

"Sec. 201. The challenge to the individual juror is either, 1, peremptory, or, 2, for cause.

"Sec. 202. It must be taken before he is sworn in chief, unless the court, for good cause, permit it to be made at any time before the jury is completed."

"Sec. 215. The challenges to the juror shall first be made by the commonwealth and then by the defendant, *and each party must exhaust his challenge to each juror before the other begins.*"

Under the Code, each party is entitled to have a full panel of twelve jurors, found, upon examination, qualified to try the case, before being required to exercise the right

of challenge to the individual juror; and whenever the number is lessened by challenge of either party the panel must be again filled before being passed on, and so on until the jury is completed.

But it was not intended that either party, having accepted the whole or part of the panel, or what is equivalent, having declined to challenge when duly called on by the court to pass upon them, should be permitted, at a subsequent stage in the formation of the jury, to again pass upon and challenge the same jurors.

There is but one construction that can be properly given to section 215. When a full panel of qualified jurors is presented, the commonwealth must then either accept or challenge. Having accepted or declined to challenge, the challenges as to those then passed on are, in the language of the Code, exhausted. Or having challenged one or more, the others must be considered as accepted.

If this be not the case, then the formation of the jury may be indefinitely suspended, or else the defendant would, in violation of the plain language of that section, be required to begin before the commonwealth had exhausted her challenges to the individual jurors of the first panel.

The right of challenge is to be exercised by the commonwealth and by the defendant in the same manner and upon the same conditions, the only difference being as to the number of peremptory challenges allowed to each. The defendant as well as the commonwealth is therefore required to exhaust his challenges to each juror of a panel when presented to be passed upon. Otherwise, when the panel is filled a second time, the commonwealth would be required to begin before the defendant had exhausted his challenges to the jurors of the first panel.

In this case Holdy, as one of a full panel of qualified jurors, was duly presented for the acceptance or challenge of both the commonwealth and the defendant, and not objected to or challenged by either until after twelve jurors found qualified had been passed upon, when, for the first time, appellant offered to challenge him peremptorily.

If he had the right at that stage of the proceedings to peremptorily challenge him, he had the same reserved right to challenge each of the other eleven, and to continue the tedious process of challenging one by one the jurors already passed on to the number allowed him by law; and if the defendant could thus delay the proceedings and trifle with the court, so might the commonwealth's attorney.

Properly construed, section 202 is not inconsistent with section 215 as we have interpreted the latter. Both sections require the challenges to the individual juror to be taken before he is sworn in chief, that is, sworn to try the issue, which, as provided in section 217, must be done when the "jury, consisting of twelve qualified jurors, shall have been duly empaneled." But, as provided in section 202, the court may, for good cause, permit the challenge to the individual juror to be taken at any time before the jury is completed, or, in other words, before the jury is duly empaneled; the words "good cause" being obviously used in a different sense from "cause," as contradistinguished from "peremptory."

In this case no good cause was shown for permitting appellant to challenge the juror he previously, at the proper time, passed on, or had the opportunity to pass on; and hence, the court did not err in refusing to make in his favor an exception to the rule that "each party must exhaust his challenges to each juror before the other begins."

But the instructions do not give to the defendant the full benefit of the law of self-defense.

The jury are told in instruction No. 6, given at the instance of the commonwealth, that, to authorize them to' acquit the defendant, they must believe that when he fired the fatal shot he was in apparent danger of death, or great bodily harm, at the hands of deceased, or had reasonable grounds to believe, and did believe, that he was in such danger, and had no other apparently safe means of escape.

The instruction "left it to the jury to say whether it appeared to *them* necessary for appellant to do the shooting in order to protect himself, while the instruction should have gone to the facts as they appeared to appellant." "The inquiry always is, what was the danger as it appeared to the accused, and not what the danger actually was." (May v. Commonwealth, MS. Opin., Dec., 1881.)

Besides, the latter clause of the instruction is so worded that the jury would reasonably infer that it was not sufficient for acquittal that appellant believed, and had reasonable grounds for believing, that he was in such danger, but that it should also have been made to appear to the *jury* that he had no other safe means of escape.

"The rule as established is, that if the defendant acts upon 'reasonable grounds,' he is to be excused, although it may turn out that the appearances were false, and there was, in fact, neither design to do him serious injury nor danger that it would be done." (Holloway v. Commonwealth, 11 Bush, 344.)

The error in this instruction is not cured by any other instruction given in the case, and was prejudicial to the substantial rights of appellant.

Wherefore, the judgment is reversed, and cause remanded for a new trial and further proceedings consistent with this opinion.