WESLEY EDRINGTON *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 7—377.]

**Instruction in Trial of Murder Case.**

Even if an instruction in the trial of one charged with murder, authorizing the jury to find the accused guilty of murder upon certain hypothesis stated in it, is erroneous, still where the jury find the accused guilty only of manslaughter he can not claim to have been harmed by it.

**Instruction as to Manslaughter.**

In the trial of one charged with murder an instruction is incorrect which fails to require the jury to believe, before finding the accused

guilty of manslaughter, that he wilfully and unlawfully incited, encouraged, aided and abetted one in killing the deceased.

### Challenge of Jury in Murder Trial.

Under the code each party in a murder trial is entitled to a full panel of jurors found upon examination qualified to try the case, before being required to exercise the right of challenge to the individual juror, and when the number is lessened by successful challenge of either party, the panel must be again filled before being passed on, and so on until the jury is completed.

APPEAL FROM TAYLOR CIRCUIT COURT.

November 24, 1885.

OPINION BY JUDGE LEWIS:

This court has no power to review the finding of the jury, nor the action of the lower court in overruling the motion for a new trial made upon the ground of newly discovered evidence.

We perceive no error in any instruction of the court whereby the accused was prejudiced. Instruction No. 2 authorized the jury to find the accused guilty of murder upon certain hypothesis stated in it. But as he was found guilty of manslaughter only, he could not have been prejudiced by that instruction, and it is therefore unnecessary to consider the objections to it.

Instruction No. 3 is incorrect in failing to require the jury to believe, before finding the accused guilty of manslaughter, that he wilfully and unlawfully incited, encouraged, aided and abetted Cy Gurdy in killing the deceased. But the instruction is not liable to the other objection made, for it is impossible to conceive how the accused could have commanded, incited, encouraged, aided and abetted Gurdy in killing Hotchkiss accidentally.

The accused was not prejudiced by the refusal of the court to give instruction 9A because it relates to the crime of murder, of which the jury acquitted him. What the instruction was designed to accomplish was done without it. It is therefore unnecessary to consider it.

It could not have been anticipated by the attorney for the commonwealth, at least there is nothing in the record to show that he did know, that it would be necessary to call the three witnesses, Moberly, Murray and McWhorter, to contradict the witness, Bowser. It was not therefore a violation of the rule nor an abuse of

discretion on the part of the court to permit them to testify to whatever circumstances as to time or place tended to disprove or contradict Bowser's testimony as to threats made by the deceased.

It appears from the bill of exceptions in this case that the defendant moved the court for a panel of twelve qualified and competent jurors from whom to select before being required to pass on any juror, which was overruled, and the court then directed the jury to be selected after the following manner; the clerk drew the names of twelve jurors, each one of whom was examined touching his qualification, and as each juror was examined, if he was found to be competent, the parties were required to either accept or challenge him, and whenever a person was challenged or accepted after an examination another was immediately drawn and so on until the jury to try the case was obtained.

In the case of *Munday v. Commonwealth*, 81 Ky. 233, 5 Ky. L. 67, it was held by this court that "under the Code, each party is entitled to have a full panel of twelve jurors, found, upon examination, qualified to try the case, before being required to exercise the right of challenge to the individual juror; and whenever the number is lessened by challenge of either party, the panel must be again filled before being passed on, and so on until the jury is completed."

But, as decided in that case, it was not intended that either party, having accepted the whole or part of a panel, or what is equivalent, having declined to challenge when duly called on by the court to pass upon them, should be permitted, at a subsequent stage in the formation of the jury, to again pass upon and challenge the same jurors. Instead of requiring the attorney for the commonwealth to pass upon the first juror found upon examination to be qualified, and if accepted require the defendant to pass upon him, as seems to have been done in this case, a full panel of twelve jurors found upon examination to try the case should have been first presented to the commonwealth for its acceptance or challenge, and if accepted, then the full panel should have been presented to the accused for his acceptance or challenge. All not then challenged should have been regarded as accepted and not subject to be again passed on by either party. But in case of a challenge of one or more by either party, the vacancies should have been filled, from

time to time, so as to present to each party for acceptance or challenge twelve qualified jurors, including those already accepted.

We think the accused had the right to a full panel before being called on to accept or reject any one juror, and that the court erred in denying the right, and therefore the judgment must be reversed and cause remanded for a new trial and further proceedings consistent with this opinion.

Judgment *reversed.*

*James Garnett, R. E. Purgear, for appellant.*

*P. W. Hardin, for appellee.*

[Cited, *Jenkins v. Commonwealth,* 9 Ky. L. 254, 4 S. W. 816; *Wilson v. Commonwealth,* 9 Ky. L. 274, 4 S. W. 818.]

