CASE 83—INDICTMENT—MAY 7.

## Hardesty v. Commonwealth.

APPEAL FROM DAVIESS CIRCUIT COURT.

RIGHT OF DEFENDANT IN CRIMINAL CASE TO A CONTINUANCE.—Where the defendant in a criminal case makes a motion for a continuance at the same term at which the indictment is found, upon the ground that material witnesses are absent, the Commonwealth can not force him into a trial unless it admits the facts stated in the affidavit to be true, provided the affidavit shows the materiality of the testimony of the absent witnesses. And this rule applies, although the motion for a continuance is based upon the affidavit of a person other than the defendant. But the court does not intimate an opinion as to the validity of the statute allowing the Commonwealth to force the defendant into trial in other cases upon the admission of the affidavit for a continuance as the deposition of the absent witness.

SWEENEY, ELLIS & SWEENEY FOR APPELLANT.

1. At the first term of the court at which an indictment is called for trial, the defendant is entitled to a continuance on making affidavit of the absence of a material witness, unless the Commonwealth will admit the truth of statements to which it is stated the absent witness will testify. (Criminal Code, sec. 189; Civil Code, secs. 315, 345, 190; Nichols v. Commonwealth, 11 Bush, 577.)

2. A person other than the defendant may make such affidavit. (State v. Beckley, 4 Southwestern Rept., 24.)

3. If at any time during the trial it is made to appear to the court that there are reasons to believe that the defendant was insane at the time of the commission of the offense, it is the duty of the court to suspend the trial and cause an inquest to be held.

4. The test of insanity in criminal cases is whether the accused had sufficient reason to know right from wrong, and sufficient power of control to govern his actions. (Graham v. Commonwealth, 16 B. M., 587; Smith v. Commonwealth, 1 Duvall, 224.)

P. W. HARDIN AND JOE HAYCRAFT FOR APPELLEE.

Sanity is presumed by the law and is only overcome by a preponderance of evidence in defendant's behalf. (16 B. M., 591; 5 Bush, 365; 1 Duvall, 225.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

At the same term of the Daviess Circuit Court at which the appellant was indicted for the crime of murder he was tried and convicted of said charge. His only defense was that of insanity. He made a motion for a continuance of his case, based upon the affidavit of John B. Hardesty, which disclosed the fact that the appellant, owing to his insanity, was not competent to make the affidavit; that he was entitled to the presence of a number of persons who were within the jurisdiction of the court, whom process had failed to bring before the court, to testify for him in reference to his insanity, all of whom would state that at the time he committed the act complained of by the Commonwealth, he was, owing to the diseased condition of his mind, not criminally responsible for it. It is not denied that the affidavit presented facts material to the establishment of the defense of insanity, and, if true, would entitle the appellant to an acquittal. At the time the motion was acted on by the court some of the witnesses mentioned in the affidavit were present; the others were yet absent whose testimony was material, and on account of the absence of which the appellant was entitled to relief, which relief, he contends, was that of a continuance of the case until the next term of court,

or a trial at the present term only upon the condition that the Commonwealth admitted the statements in reference to what the absent witnesses would prove to be true; but the Commonwealth's attorney not consenting to the latter proposition, but consenting to admit the statements as to what these witnesses would prove as their depositions, the court decided that this was all he need admit, and forced the appellant into trial.

Section 315 of the Civil Code provides, in substance, that a motion to continue a case on account of the absence of witnesses, can be made only upon affidavit, showing what facts the witnesses will prove, their materiality, and that due diligence has been used to obtain the witnesses, etc. If, however, the adverse party will consent that the affidavit may be read, on the trial, as the depositions of the witnesses, the trial shall not be postponed, etc.

Section 189 of the Criminal Code provided, in substance, that the provisions of the Civil Code in regard to the postponement of trials, should apply to the postponement of prosecutions, on the application of the defendant, except that if the ground of the application for a continuance was the absence of a material witness, " and the defendant made affidavit as to the facts that " such witness would prove, the continuance should be " granted unless the attorney for the Commonwealth " admitted, upon the trial, that the facts were true."

The act of the 15th of May, 1886, repealed that part of the foregoing section that required the Commonwealth's attorney to admit the facts stated in the affidavit as true as a condition of forcing the defendant into trial at the term at which the affidavit was tendered. and

enacted, in substance, in its stead, that the court should,
unless it was of the opinion that the ends of justice re-
quired otherwise, allow the Commonwealth's attorney to
admit the statements to be read on the trial as the wit-
ness' deposition, unless the motion for a continuance
was made at the term of court at which the indictment
was found; in which case section 189 applied, requiring
the facts to be admitted as true.

It is to be observed that the language of section 315 of
the Civil Code does not confine the right to make the
affidavit for a continuance to the party to the action, but
it seems that the affidavit of any person professing to be
informed as to the facts that the absent witnesses will
state, may be the basis of the motion, whereas the' lan-
guage of section 189 of the Criminal Code requires the
affidavit, in order to require the Commonwealth's attorney
to admit it as true, and not as a deposition, to be made
by the defendant himself.   The court seemed to take
hold of this distinction in the language of the two sec-
tions and to hold that as the affidavit was not made by
the defendant himself, section 189 requiring the affidavit
to be admitted as true, not as a deposition, did not apply;
but that section 315, allowing the affidavit for an absent
witness, in view of the fact that the act of May, 1886,
was expressly made not to apply to a motion for a continu-
ance at the term at which the indictment was found, did
apply.

The language of the act of May 15, 1886, does not
confine the right to make an affidavit for a continuance
to the defendant, but authorizes any person that may
be informed as to the facts that the absent witnesses

will prove, to make the affidavit.  This affidavit the Commonwealth's attorney may, according to the act, admit as a deposition, and proceed to trial, unless the court shall be of the opinion that the ends of justice require it to be admitted as true, which the Commonwealth's attorney must do or submit to a continuance of the case; but if the motion is made for a continuance, based upon an affidavit, though made by a person other than the defendant, showing what the absent witnesses will prove and its materiality, at the same term of court at which the indictment was found, the Commonwealth's attorney can not force the defendant into trial at said term, unless he admits the facts stated in the affidavit to be true.

The language of the act, *supra*, suggests this meaning, and the light of reason reflects precisely this meaning upon the act, for it was doubtless remembered by the lawmakers that the accused in a criminal prosecution was entitled " to have compulsory process for obtaining witnesses in his favor," and that, as a general rule, he could not, at the term of court at which he was indicted, avail himself of all the processes, compulsory and otherwise, that the law allowed him for obtaining the presence of his witnesses at the trial, and that he was entitled to a reasonable opportunity to exhaust these processes to obtain the attendance of his witnesses; therefore, to allow him this opportunity, the act provides that the Commonwealth shall not force the accused to trial at the term of court at which he is indicted, unless it admits the facts stated in his affidavit to be true, of which, owing to its conclusiveness in his favor, admitting no contradiction or explanation whatever, he can not complain.  Without

intimating an opinion as to the constitutionality of the act, we think that the foregoing reasons influenced the provision of the act under consideration, which show conclusively that it was not intended to allow the Commonwealth's attorney, at the term at which the defendant was indicted, to force the defendant into trial by admitting his affidavit as a deposition, though the affidavit was made by a person other than the defendant.

The record presents no other error of the court.

For the error indicated the judgment is reversed and the cause is remanded, with directions to grant the appellant a new trial, and for further proceedings consistent with this opinion.