Fidelity and Deposit Company of Maryland v. Commonwealth.

Commonwealth Attorney followed strictly the require-
ments of section 189, Criminal Code of Practice, although
the agreement which he made was not in the language
which the section requires.

The evidence is abundant to establish the guilt of the
accused, and, under proper instructions of the court, the
jury found him guilty. We do not think that his sub-
stantial rights have been prejudiced by any error occur-
ring at the trial. Therefore the judgment is affirmed.

---

CASE 102—INDICTMENT FOR HOMICIDE—NOVEMBER 26.

## Wiggins v. Commonwealth.

APPEAL FROM MUHLENBERG CIRCUIT COURT.

1. CRIMINAL LAW—CONTINUANCE—INDICTMENT TERM—CONSTRUCTION
OF SECTION 189, CRIMINAL CODE.—Where there is nothing in an
indictment for homicide showing that the offense charged
is the same as that charged in a former indictment
which had been dismissed for resubmission, the new
indictment will be treated as an original one and
under section 189 of the Criminal Code the Common-
wealth's Attorney will not be entitled to force the defendant
into trial without admitting that the facts which the defend-
ant's affidavit for a continuance shows could be proved by ab-
sent witnesses are true.

2. FORMATION OF JURY—RIGHT OF CHALLENGE—WHEN TO BE EXER-
CISED.—Each party is required under section 215 of the Criminal
Code to exhaust its challenges to each juror before the other
begins. Where, therefore, in filling the panel a juror has been
accepted by the Commonwealth and not challenged by the
defendant it is not error to refuse to permit the defendant to
challenge such juror after the panel has been filled.

JOHNSON & WICKLIFFE FOR APPELLANT.

1. It was error to refuse the defendant a continuance. Crim. Code,

sec. 189; Hardesty v. Com., 88 Ky., 537; Murphy v. Com., 92 Ky., 485.

2. It was error to refuse the defendant the right, of peremptory challenge as to jurors who had been passed silently in filling the panel.

3. The juror, Divine, was incompetent.

W. S. TAYLOR, ATTORNEY-GENERAL, AND M. H. THATCHER, FOR APPELLEE.

1. The refusal to continue the case was proper. Crim. Code, sec. 189 as amended by the act of 1886.

2. Defendant had no right to challenge after the panel had been filled, jurors who had been silently passed in filling the panel. Crim. Code, sec. 202. Besides, error of the court in this regard is not reviewable. Same, sec. 281; Morgan v. Com., 14 Bush, 106; Terrell v. Com., 13 Bush, 246; Rutherford v. Com., Same, 608.

3. The decision of the trial court in overruling a motion for a new trial is not subject to exception. Redmon v. Com., 82 Ky., 333.

4. There was evidence warranting the conviction and where there is any evidence this court can not reverse. Henry v. Com., 20 Ky. Law Rep., 543.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

The appellant was indicted for the murder of *John Bruce* in January, 1897, and the case continued from term to term, until September 6, 1898, when, upon motion of the Commonwealth, the indictment was dismissed, "and this prosecution is remanded to the present grand jury of Muhlenberg county." On the same day another indictment was returned by the grand jury, accusing appellant of the murder of *N. K.* Bruce. On the same day the case was called, the Commonwealth announced ready for trial, and appellant moved for a continuance upon the ground of the absence of a material witness, who, it was claimed, would show threats by deceased against appellant, and who had been recognized to appear upon the trial of the first indictment at that term. The court permitted the affidavit to be read upon the hearing as a deposition, but refused to

Wiggins v. Commonwealth.

require the Commonwealth to admit the truth of the aver-
ments therein contained.

By section 189 of the Criminal Code it is provided that
"when the ground of application for a continuance is the
absence of a material witness, and the defendant makes
affidavit as to the facts which such witness would prove,
the continuance shall be granted, unless the attorney for
the Commonwealth admit upon the trial that the facts are
true." By an amendment to section 189, adopted May
15, 1886, it was provided that, upon such application, "the
attorney for the Commonwealth shall not be compelled, in
order to prevent the continuance, to admit the truth of
the matter which it is alleged in the affidavit such absent
witness or witnesses would prove, but only that such wit-
ness or witnesses would, if present, testify as alleged in
the affidavit"—with a further provision that the Common-
wealth is permitted to controvert the statements of such
affidavits by other evidence, etc. It is further provided
that the provisions of the amendatory section shall not
apply to a motion for continuance made at the same term
at which the indictment in the action is found.

There seems to be nothing in this record to show that
the killing of N. K. Bruce, charged in the second indict-
ment, was the same offense charged in the former in-
dictment; and, this being so, we are constrained to the
conclusion that section 189 of the Code applies, and not
the amendatory act, for the reason that the motion for
the continuance was made at the same term at which the
indictment in the action was found.

Another objection is that, after a juror had been ac-
cepted by the Commonwealth and not challenged by the
defense, the defense was not permitted, when the panel
was filled, to peremptorily challenge such juror. This

. seems to us to be specifically provided for by Cr. Code, section 215, which requires that each party must exhaust his challenges to each juror before the other begins; and this has been construed in Munday v. Com., 81 Ky. 237, where, in an opinion by Chief Justice Lewis, it was held that "the defendant, as well as the Commonwealth, is therefore required to exhaust his challenges to each juror of a panel when presented to be passed upon." This ruling was therefore not error. The judgment is reversed, and cause remanded, with directions to award appellant a new trial, and for further proceedings consistent herewith.