## Breeden v. Commonwealth.

(Decided December 13, 1912.)

### Appeal from Whitley Circuit Court.

1. Criminal Law—Trial—Continuance.—Where the defendant in a criminal case files a proper affidavit for continuance, based on the absence of material witnesses, it is error to force the defendant into a trial at the same term that the indictment is returned, unless the Commonwealth's attorney admits as true the facts which the affidavit shows the absent witnesses would testify to if present.

2. Criminal Law—Shooting and Wounding With Intent to Kill—Shooting in Sudden Affray—Section 239, Criminal Code.—Where the evidence justifies an instruction both on shooting and wound-

ing with intent to kill and shooting in sudden affray, it is reversible error for the court to fail to instruct the jury that if they have a reasonable doubt of the degree of the offense which the defendant has committed, he should only be convicted of the lower degree, as required by section 239, Criminal Code.

3.  Criminal Law—Evidence—Threats.—In a prosecution for malicious shooting and wounding, it is error to exclude evidence of previous threats made by the person shot, and which were communicated to the defendant.

TYE & SILER for appellant.

JAMES GARNETT, Attorney General, and O. S. HOGAN, Assistant Attorney General for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Defendant, John Breeden, shot and wounded Alvis Sharp. He was indicted by the grand jury of Whitley County for the offense of malicious shooting and wounding with intent to kill. He was tried and convicted and given an indeterminate sentence in the penitentiary of from one to five years. From the judgment of conviction he appeals.

According to the evidence for the Commonwealth Alvis Sharp was going down the street with his hands by his sides, when the defendant, Breeden, stepped out from behind a post and fired at him four times. Two of the shots took effect. According to the evidence for defendant, Sharp had threatened to kill the defendant on sight, and these threats had been communicated to the defendant. The defendant did not know Sharp was in Kentucky, and at the time of the shooting was on his way home. While walking down the street, he saw Sharp a few feet away. Sharp had his hand in his pocket and was trying to get it out, and believing that Sharp intended to kill him, defendant fired at him.

The indictment was returned at the September term, 1911, of the Whitley Circuit Court. The trial took place at the same term. The defendant filed an affidavit for continuance on account of the absence of several witnesses. The affidavit is in proper form, and shows due diligence. It shows that two or three witnesses, if present, would testify to the fact that they saw Sharp at the time of the shooting, and that he either had his hand in his pocket or was attempting to get it out when the de-

fendant fired. It shows that three or four other witnesses would testify to the fact that a few days before the shooting, Sharp told them he was going to kill the defendant on sight, and that they communicated this fact to defendant. Of the materiality of this evidence there can be no doubt. The court forced the defendant into trial without requiring the Commonwealth to admit as true the facts which the affidavit stated the absent witnesses would testify to.

By section 189 of the Criminal Code, it is provided that "when the ground of application for a continuance is the absence of a material witness, and the defendant makes affidavit as to the facts which such witness would prove, the continuance shall be granted, unless the attorney for the Commonwealth admit upon the trial that the facts are true." By an amendment to section 189, adopted May 15, 1886, it was provided that, upon such application, "the attorney for the Commonwealth shall not be compelled, in order to prevent the continuance, to admit the truth of the matter which it is alleged in the affidavit such absent witness or witnesses would prove, but only that such witness or witnesses would, if present, testify as alleged in the affidavit" * * * with a further provision that the Commonwealth is permitted to controvert the statements of such affidavits by other evidence, etc. It is further provided that the provisions of the amendatory section shall not apply to a motion for continuance made at the same term at which the indictment in the action is found.

In interpreting the foregoing provisions of the Code, we have frequently held that the Commonwealth's attorney will not be entitled to force the defendant into trial at the indicting term without admitting the facts which the defendant's affidavit for continuance shows could be proved by the absent witnesses to be true. Wiggins v. Commonwealth, 104 Ky., 765; Hardesty v. Commonwealth, 88 Ky., 537; Pace v. Commonwealth, 89 Ky., 204. In this case, the Commonwealth's attorney refused to do this. The court therefore erred in refusing the defendant a continuance.

The defendant was indicted under section 1166, Kentucky Statutes, for the offense of shooting and wounding another with intent to kill. The court gave an instruction on this offense, and also on the offense of shooting in sudden affray, defined by section 1242, Kentucky Statutes, which is a degree of the offense defined

by section 1166. This was proper. Williams v. Commonwealth, 102 Ky., 381. While the court gave a general instruction on reasonable doubt, as required by section 238, Criminal Code, he failed to give the instruction required by section 239, Criminal Code, which is as follows:

"If there be a reasonable doubt of the degree of the offense which the defendant has committed, he shall only be convicted of the lower degree."

We have frequently held that where there is evidence introduced which might be calculated to raise a reasonable doubt of the degree of the guilt of the accused, the jury should be instructed in the language of this section, and the failure to do so is reversible error. Williams v. Commonwealth, 80 Ky., 313; Demaree v. Commonwealth, 26 Ky. L. Rep., 507.

In several instances the court erred in rejecting testimony of certain witnesses to the effect that Sharp, a few days before the shooting, stated to them that he would kill the defendant on sight, and that these threats were communicated to the defendant.

For the reasons indicated, the judgment is reversed, and cause remanded for new trial consistent with this opinion.