## Rhodes v. Commonwealth.

(Decided January 15, 1913.)

### Appeal from Knox Circuit Court.

Criminal Law—Trial—Continuance.—Where the defendant in a criminal case files a proper affidavit for continuance, based on the absence of material witnesses, it is error to force the defendant into a trial at the same term that the indictment is returned, unless the Commonwealth's attorney admits as true the facts which the affidavit shows the absent witnesses would testify to if present.

J. D. TUGGLE, for appellant.

JAMES GARNETT, Attorney-General, and M. M. LOGAN, Assistant Attorney-General, for Commonwealth.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

At the September, 1912, term of the Knox circuit court, appellant was indicted for uttering a forged writing. He was tried at the same term of the court, found guilty, and given an indeterminate sentence in the penitentiary of from two to ten years. He prosecutes this appeal, and complains chiefly of the action of the court in refusing to grant him a continuance. The indictment was returned September 4th, 1912, on which day appel-

lant was arrested and gave bond; and the case was set for
Saturday, September 7th, for trial. It was not reached,
however, until Monday, September 9th, when appellant
filed his affidavit and moved for a continuance on account
of the absence of his witnesses, Davis and Partin of Knox
county, and of Prichard of Lawton, Oklahoma; where-
upon the court ordered summons to issue for Davis and
Partin, and that the deposition of Prichard be taken by
the defendant, if he desired so to do; and the case was
passed to September 14th for trial. The case was called
again for trial on September 16th, whereupon appellant
again filed his affidavit, showing due diligence in his
attempt to procure the attendance of Davis and Partin,
and his inability to take the deposition of Prichard in
Oklahoma, in the limited time that had intervened since
September 9th. The affidavit is in proper form and shows
that Davis, if present, would truthfully state that he
was present with McDonald, whose name appellant is
charged with having forged, after the time of the alleged
forgery, and that McDonald stated that he had authorized
and directed appellant to collect the money on said writ-
ing, and that appellant had done so for McDonald; that
McDonald stated that appellant was his authorized agent
to transact his business, and that appellant had collected
the money on the writing mentioned in the indictment.
The affidavit shows that said Prichard, if present, would
truthfully state that he knew McDonald, and that he had
authorized appellant to act as his agent in the transac-
tion of all business, including the transaction mentioned
and set out in the indictment, and that said McDonald
told said Prichard he had authorized appellant to transact
his business for him, including the collection of the money
on the writing mentioned in the indictment.

The affidavit further shows that appellant had exer-
cised due diligence in attempting to take Prichard's depo-
sition, but that he had been unable to do so on account of
the shortness of the time, and the great distance from
Barbourville, Kentucky, to Lawton, Oklahoma. The court
overruled appellant's motion for a continuance, and
forced him into trial which brought about his conviction.
The evidence of the absent witnesses was clearly material
to appellant's defense.

Appellant moved the court to say to the jury that the
material statements in the affidavit, as to what Prichard
and the other witnesses would say, were to be taken and

considered by the jury as true, but the court overruled said motion and allowed said affidavits to be read as depositions only, of said absent witnesses. Appellant contends that this was error and asks a reversal upon that ground.

The question must be considered at rest in this jurisdiction, in view of the late decision in Breeden v. Commonwealth, 151 Ky., 217, where the precise question raised was determined favorably to the contention of appellant. Section 189 of the Criminal Code provides that, "When the ground of application for a continuance is the absence of a material witness, and the defendant makes affidavit as to the facts which such witness would prove, the continuance shall be granted, unless the attorney for the Commonwealth admit upon the trial that the facts are true." By an amendment to said section, adopted in 1886, it was provided that, "The attorney for the Commonwealth shall not be compelled, in order to prevent a continuance, to admit the truth of the matter which it is alleged in the affidavit such absent witness or witnesses would prove, but only that such witness or witnesses would, if present, testify as alleged in the affidavit;" and that the Commonwealth may controvert the statements of such affidavits by other evidence. It is further provided, however, in said amendment that its provisions shall not apply to a motion for a continuance made at the *same term* at which the indictment in the action is found.

It will be seen, therefore, that while section 189, supra, has been amended so as not to require the Commonwealth to admit the truth of the statements of absent witnesses, that restriction, nevertheless, applies if the trial is had at the same term at which the indictment is found.

In considering the effect of section 189, supra, as amended, we used the following language in Breeden v. Commonwealth:

"In interpreting the foregoing provisions of the Code, we have frequently held that the Commonwealth's attorney will not be entitled to force the defendant into trial at the indicting term without admitting the facts which the defendant's affidavit for continuance shows could be proved by the absent witnesses to be true. Wiggins v. Commonwealth, 104 Ky., 765; Hardesty v. Commonwealth, 88 Ky., 537; Pace v. Commonwealth, 89 Ky., 204. In this case, the Commonwealth's attorney refused

to do this. The court therefore erred in refusing the defendant a continuance.''

In the case at bar, as in Breeden v. Commonwealth, the trial was held at the same term of the court at which the indictment was found; and, in refusing to direct the jury to treat the statements of the absent witnesses as true, the court clearly erred. It either should have so directed the jury, or granted appellant a continuance. It is unnecessary to consider the other questions assigned as error.

Judgment reversed.