## Warner et al. v. Commonwealth.

Jan. 15, 1946.

Andrew V. Fox for appellants.

Eldon S. Dummit, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

In pursuance of a conspiracy previously entered into, and after arming themselves with a flat piece of iron, on the night of March 20, 1944, appellants followed Oliver Greenlee as he left his store in Maysville, Kentucky. When they thought they could not be observed, one of them struck Mr. Greenlee several times on the head with the piece of iron. Both attempted to rob him, but were frightened away by the appearance of a resident of the neighborhood. Mr. Greenlee died the following day as a result of the wounds thus inflicted. After their arrest, each of the appellants, without having

seen the other since the night of the crime, signed separate written confessions which were identical in every particular, except that each accused the other of striking the blows which caused the death of the victim. Appellants were jointly indicted, and jointly tried; Jones entered a plea of guilty; Warner entered a plea of not guilty; both were found guilty and sentenced to die in the electric chair. They assign but one error for reversal of the judgment, viz., that the Court erred in failing to discharge the whole jury panel when one of its members, who previously had been accepted as a juror, disclosed the fact that he was conscientiously opposed to inflicting the death penalty. Instead of discharging the panel, the Court permitted the attorney for the Commonwealth to challenge and excuse this juror for cause.

Albert Bell was juror No. 4 of the first twelve jurors accepted by the Commonwealth and tendered to the defendants. The defendants accepted Mr. Bell, but exercised their privilege to peremptorily challenge other jurors. After they had exhausted ten of their fifteen peremptory challenges, Mr. Bell informed the Court that he had misunderstood the question propounded to him by the attorney for the Commonwealth in respect to his conscientious opinions concerning the death penalty. He then informed the Court that he conscientiously was opposed to the infliction of the death penalty. The Court sustained the motion of the attorney for the Commonwealth to excuse Mr. Bell from serving on the jury for cause. Section 210, Subsection 7, Criminal Code of Practice. Thereafter, appellants exhausted their remaining peremptory challenges.

In support of their contention that the Court erred in not discharging the entire panel, appellants rely on Section 215 of the Criminal Code of Practice, as construed in Munday v. Commonwealth, 81 Ky. 233, 5 Ky. Law Rep. 67; Edrington v. Commonwealth, 7 Ky. Law Rep. 377, 13 Ky. Op. 792; Wiggins v. Commonwealth, 104 Ky. 765, 47 S. W. 1073, 20 Ky. Law Rep. 908; Colvin v. Commonwealth, 60 S. W. 701, 22 Ky. Law Rep. 1407; Jenkins v. Commonwealth, 4 S. W. 816, 9 Ky. Law Rep. 254; Wilson v. Commonwealth, 4 S. W. 818, 9 Ky. Law Rep. 274; Smith v. Commonwealth, 50 S. W. 241, 20 Ky. Law Rep. 1848; and Shelby v. Commonwealth, 91 Ky. 563, 16 S. W. 461, 13 Ky. Law Rep. 178. Section 215 of

the Criminal Code of Practice provides: "The challenges to the juror shall first be made by the Commonwealth, and then by the defendant, and each party must exhaust his challenges to each juror before the other begins."

The cases cited hold that, under this provision of the Code, a defendant has the right to be tendered the names of twelve qualified jurors acceptable to, and which have been accepted by, the Commonwealth, before he may be required to exercise the privilege of peremptorily challenging any individual juror; and that a denial of this right is such error as to require reversal of a judgment of conviction. But in none of those cases does it appear that the challenge was made for "good cause," as used in Section 202 of the Criminal Code of Practice. Sections 201 and 202 of the Criminal Code of Practice provide:

"Sec. 201. The challenge to the individual juror is either—

"1. Peremptory; or,

"2. For cause."

"Sec. 202. It must be taken before he is sworn in chief, unless the court, for good cause, permit it to be made at any time before the jury is completed."

Mr. Bell, through a misunderstanding, qualified himself to serve on the jury. When he discovered he was not qualified, he so informed the Court. The jury had not been "completed"; the individual juror had not been "sworn in chief," i. e., sworn to try the issue. Those circumstances constitute "good cause" for the action of the Court in permitting the Commonwealth's challenge to the individual juror, under the provisions of Section 202, supra. That being true, the sole ground relied upon for reversal must be rejected.

Because of the extreme youth of one of the defendants, and the extreme penalty imposed by the verdict of the jury, we have not been content to confine our review of the record to the sole point urged for reversal. We diligently have searched the record in an endeavor to discover a reversible error, but our efforts have been unrewarded.

Accordingly, the judgments must be, and they hereby are, affirmed.