Arnold PARTIN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 3, 1961.

William R. Forester, Barbourville, for appellant.

John B. Breckinridge, Atty. Gen., Ray Corns, Asst. Atty. Gen., for appellee.

MILLIKEN, Judge.

Arnold Partin was convicted of willfully and maliciously shooting and wounding his brother-in-law, Wesley Maiden, Jr., October 11, 1960, and was sentenced to five years' confinement in the penitentiary. Bad feeling existed between the men, apparently caused by Partin's failure to support his children after his divorce from Maiden's sister. The evidence conflicted, Partin claiming that Maiden fired first and wounded him while Maiden and his wife testified to the contrary—that Partin drove up and shot Maiden who did not return the fire. The trial court instructed the jury on malicious shooting and wounding, shooting in sudden affray, self-defense, and the usual reasonable doubt instruction, but failed to instruct the jury to find Partin guilty of the lesser offense of shooting and wounding in sudden affray if it had reasonable doubt about the degree of the offense he had committed. The omission of this instruction is the basis of this appeal.

The Commonwealth contends the evidence does not justify an instruction on sudden affray, and, hence, no error was committed when the instruction to find on the lesser offense was omitted. Although bad blood existed—enough to imply malice, nevertheless, Partin's testimony was sufficient to justify an instruction on sudden affray. In any event, such an instruction was given which necessarily required the further instruction to find on the lesser offense of shooting and wounding in sudden affray if the jury found Partin guilty of an offense but had reasonable doubt whether malice caused him to shoot Maiden.

Cr.Code, Section 239; Commonwealth v. Bullock, 24 Ky.Law.Rep. 78, 67 S.W. 992; Breeden v. Commonwealth, 151 Ky. 217, 151 S.W. 407; Barnes v. Commonwealth, 32 Ky. Law Rep. 1152, 10 S.W. 806. We agree with Partin's rueful comment that "trouble is never worth anything" and that the court should have given the omitted instruction.

The judgment is reversed.