**Grover METTS, Jr., Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Sept. 28, 1962.

Rehearing Denied Nov. 30, 1962.

Edward F. Prichard, Jr., Frankfort, for appellant.

John B. Breckinridge, Atty. Gen., John B. Browning, Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner.

Upon an indictment charging him with the crime of willful murder, appellant was convicted of voluntary manslaughter and sentenced to prison for a term of 21 years.

■ It is contended that the court committed prejudicial error in permitting the jurors to separate in violation of Section 244 of our Criminal Code of Practice, which in pertinent part provides:

"On the trial of offenses which are or may be punished capitally or by life imprisonment the jurors after they are accepted, * * *, shall not be permitted to separate, but shall be kept together, in charge of the proper officers. * * *"

The Bill of Exceptions discloses that prior to the final acceptance and swearing of the jury, but after nine jurors had been accepted by both the Commonwealth and the appellant, the court permitted the jurors to separate without the consent of the appellant or his counsel. Counsel for appellant objected immediately thereafter and moved the court to discharge the jury. The motion was overruled and an exception to the ruling was preserved.

Under these circumstances there was a direct violation of Section 244 of the Criminal Code of Practice. The failure of the court to comply with this provision of the Code requires a reversal of the judgment. Fletcher v. Commonwealth, 239 Ky. 506, 39 S.W.2d 972.

■ It is further urged that it was reversible error for the trial court to sustain challenges for cause against prospective jurors who stated that they possessed conscientious scruples against the imposition of the death penalty. A similar contention was rejected in Tarrence v. Commonwealth, Ky., 265 S.W.2d 40, and also in Warner v. Commonwealth, 301 Ky. 343, 192 S.W.2d 96. We have not been persuaded that the holding made in these cases is no longer sound.

For the reason stated the judgment is reversed with directions to grant appellant a new trial.