**Carl BAKER, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 23, 1972.

Stanton Baker, Carrollton, for appellant.

John B. Breckinridge, Atty. Gen., Robert W. Willmott, Jr., Asst. Atty. Gen., Frankfort, for appellee.

NEIKIRK, Judge.

James Gould, an attendant at a gasoline service station in Warsaw, testified that on March 11, 1971, at approximately 3:20 a. m., Jerry Wilson entered the station and said that he needed an air filter for a 1966 Chevrolet automobile. Gould went to another room in the station and obtained the filter. When he returned, Carl Baker, armed with a shotgun, had entered the station. Holding the gun on Gould, the pair

proceeded to rob Gould of approximately $80 in cash. They also took a pistol and the air filter. Baker and Wilson were apprehended about forty-five minutes after the robbery, and the stolen items were found in their possession. Baker and Wilson were indicted, tried, and convicted of armed robbery. KRS 433.140. The jury fixed Baker's punishment at twenty-five years' confinement in the state penitentiary. Wilson received a sentence of ten years. Baker appeals.

After the jury had been sworn and seated, the trial judge, in the presence of the jury, said:

"This being a capital case it is my understanding that the Jury cannot separate unless by agreement of counsel."

The attorneys for Baker and Wilson stated that they had no objections. Immediately after this colloquy, the attorney for Baker made in chambers the following motion:

"I am moving that the swearing of the jury be set aside and this case continued and a mistrial be declared on the grounds that as the defense attorney for Carl Baker, I was asked as to whether I would agree to the jury separating and I had no alternative but to agree to separating."

The trial judge overruled this motion. The jury was permitted to separate at noon and also during the time the trial judge prepared the instructions to the jury.

RCr 9.66 provides as follows:

"If the offense charged is punishable either by life imprisonment or by death, the jurors shall be kept together in charge of the proper officer. They may be permitted to separate only by agreement of the parties and with approval of the court. The consent or approval may be withdrawn before any recess or adjournment of court. If the offense charged is a felony which is not punishable either by life imprisonment or by death, or is a misdemeanor, the jurors may be permitted to separate in the discretion of the court. * * *"

KRS 433.140 states:

"Any person who commits robbery or burglary or any act penalized by KRS 433.130, and in committing the act uses or displays any pistol, gun or other firearm or deadly weapon shall be punished by confinement in the penitentiary for not less than ten years or for life, or by death."

■ The crime charged was one punishable by life imprisonment or by death, and it is not material that Baker was given a lesser punishment. The crime charged, not the punishment, controls the discretion or lack of discretion on the part of a trial judge to permit a jury to separate.

■ The motion of counsel for Baker was tantamount to withdrawal of consent to separation of the jury. The magic words "I withdraw my consent to the separation of the jury" were not used, but certainly the trial judge was made aware that defense counsel was not satisfied with the court's statement and ruling and was objecting to the trial proceeding. The trial judge may not on his own volition permit the separation of a jury where punishment may be life or death. Metts v. Commonwealth, Ky., 361 S.W.2d 653 (1962). The trial judge erred in permitting the jury to separate during the progress of the trial after defense counsel had withdrawn his consent in the manner present in the instant case.

As we are reversing Baker's conviction, we need not discuss arguments and contentions made by the Commonwealth and by Baker.

The judgment is reversed.

STEINFELD, C. J., and HILL, MILLIKEN, PALMORE and REED, JJ., concur.