## Jones v. Commonwealth.

(Decided June- 20, 1913).

Appeal from Whitley Circuit Court.

1. Criminal Law—Trial—Evidence—Private Writings—Admissibility:
—In a: prosecution for assault with intent to have carnal knowledge

of a female, an anonymous letter containing an offer of a reward in money to any girl who would prefer charges against the accused which would result in his prosecution, conviction and confinement in the penitentiary, if knowledge of the contents thereof are brought home to the prosecuting witness, is admissible as tending to show the motive of the prosecuting witness in investigating the prosecution. Unless such knowledge on the part of the prosecuting witness is shown, such writing is incompetent for any purpose.

2. Criminal Law—Trial—Continuance—Affidavit as to Statements of Absent Witnesses.—It is error for the trial court to refuse a continuance, where trial is ordered at the indicting term and accused has filed his affidavit showing due diligence in procuring the attendance of material witnesses and setting forth facts the absent witnesses would swear to, if present, unless, with the consent of the Commonwealth attorney, such statements of the absent witnesses should be admitted by the Commonwealth to be true and so read to the jury.

R. S. ROSE for appellant.

JAMES GARNETT, Attorney General, OVERTON S. HOGAN, Assistant Attorney General for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Reversing.

Ancil Jones was indicted and tried, at the February, 1913, term of the Whitley Circuit Court, on the charge of assault with intent to have carnal knowledge of Ella Francis. He was found guilty and given an indeterminate sentence of from two to seven years in the penitentiary. To reverse that judgment, he prosecutes this appeal.

While several grounds are set up in the motion for a new trial, but two are relied upon for reversal here. Error of the court in refusing to grant him a continuance, and error in excluding evidence.

The prosecuting witness, Ella Francis, was a girl fourteen years old. She lived some four or five miles from the home of appellant. On Sunday afternoon, appellant went to the home of her father and, with his consent, employed her to work for him. On the day following, appellant sent his wife for her, and they reached appellant's home about four o'clock in the afternoon. She remained there over night and left sometime the following day, arriving home either just before or shortly after the noon hour. Later in the day, she, in company with her father, went before a justice of the peace and caused a warrant to be issued for appellant, charging him with.

the offense for which he was ultimately indicted and tried.

She testified that on the evening of her arrival, in the absence of his wife from the room, appellant made indecent proposals to her; that she was put to sleep in a room adjoining that in which appellant and his wife slept; that before daylight and, according to her best judgment, about five o'clock in the morning, she was awakened by appellant attempting to get into the bed with her; that he took hold of her and, in addition to making indecent proposals to her, assured her that he could prevent any evil consequences resulting from her having intercourse with him, that she broke away from him, went into the other room and attempted to notify his wife as to his behavior; that he followed her into the room and got in bed with his wife, and left her sitting by the fire; that as soon as it was daylight she left without eating breakfast, and returned to her home.

Appellant testifies to her arrival at his house about the time indicated by her in her testimony; denied that he made any indecent proposals to her; says that she slept that night with his wife, while he occupied a bed in another room; alleges that she was not cleanly in her habits and, upon conference with his wife, they decided that they did not want to keep her and sent her home.

The trial took place at the indictment term. He filed his affidavit alleging that he was not ready for trial by reason of the absence of certain material witnesses. He set out in this affidavit what these witnesses, if present, would swear to, and alleged that he had caused subpoenas to be issued for them and placed in the hands of the sheriff, that he was unable to find the subpoenas and did not know whether they had been served or not. The court overruled his motion for a continuance, caused an attachment to be issued for the witness, some of whom were brought into court in response thereto. Others were not.

The trial proceeded. During its progress, appellant offered to show that an ananymous letter had been found pinned to the door of a schoolhouse in a district adjoining that in which the prosecuting witness lived. In this letter, a reward of $50 was offered to any girl who would prefer such charges against appellant as would result in his conviction and confinement in the penitentiary. The court refused to permit this anonymous letter to be read in evidence to the jury, evidently upon the theory that

appellant had failed, in any wise, to connect the prosecuting witness with it or to show that she had any knowledge of its existence. Of this ruling appellant complains.

Undoubtedly, if the prosecuting witness could be shown to have had knowledge of the offer of a reward of $50 for preferring charges against appellant that would result in his conviction and imprisonment in the penitentiary, this evidence should go to the jury for what it is worth as tending to establish a motive on the part of the prosecuting witness for instigating the prosecution. But, inasmuch as it was not shown that she had any knowledge of the existence of such writing and in the absence of facts and circumstances adduced in evidence, from which it could fairly be inferred that knowledge or information of the contents of this writing had been brought home to her, the court properly held it incompetent for any purpose.

In his affidavit for a continuance, appellant alleged that he could prove by certain of the absent witnesses that the prosecuting witness was an unchaste character, lewd and dissolute in her habits. Evidence of this character is admissible for the purpose of affecting the credibility of the prosecuting witness, and as, under the evidence adduced, the jury had merely her statement upon the one side and appellant's upon the other, the materiality of evidence of this character is at once apparent.

Under section 189 of the Criminal Code regulating procedure, where an application for a continuace is made at the indictment term, when the affidavit was made by appellant, showing the exercise of due diligence on his part in procuring the attendance of his witnesses and that, notwithstanding such diligence, he had failed to procure their attendance and the affidavit, in other particulars conforming to the requirements of the law, the court should either have granted the continuance or else have directed the trial to proceed with the consent of the Commonwealth's attorney that the affidavit as to what the absent witnesses would say might be ready to the jury as true. Under this well recognized and established rule of practice, had the statement of these absent witnesses, as found in this affidavit, been read to the jury, the Commonwealth's attorney would have been put to the necessity of admitting that the prosecuting witness was of lewd and dissolute habits and he would not have

been permitted to introduce evidence to the contrary. Thus, it is at once apparent that such admission on the part of the Commonwealth would have been most damaging to its case and would have been correspondingly advantageous to the accused. When an affidavit is filed at the indictment term seeking a continuance and the statements therein contained show that the affiant has used diligence to procure the attendance of his witnesses and then sets out in his affidavit a statement of what the absent witnesses, if present, would swear to, and that they are absent without his knowledge, procurement or consent, unless the Commonwealth will agree that the statement of what the absent witnesses would testify to shall be read to the jury as true and conceded by him to be true, it is the duty of the trial court to continue the case.

The affidavit in the case at bar meets these requirements of the law, and the court erred in not granting a continuance.

If, upon another trial, appellant is able to show that the prosecuting witness knew of the existence of this anonymous letter offered in evidence upon the last trial, or can show circumstances from which it might be reasonbly inferred that she had knowledge or notice of its existence, then the writing should be admitted in evidence as tending to show a motive for the prosecution. In the absence of such showing on the part of appellant, this writing is not competent for any purpose.

Because of the error of the trial court in refusing to grant a continuance or permitting the affidavit as to what the absent witnesses would say to be read to the jury as true, the case must be reversed for further proceedings consistent herewith, and it is so ordered.