## Lawson v. Commonwealth.

(Decided September 25, 1914.)

### Appeal from Whitley Circuit Court.

Criminal Law—Trial at Term Indictment is Found—Continuance.— It is error for the trial court to refuse the defendant a continuance where a trial is ordered at the indicting term, if he has filed his affidavit showing due diligence in attempting to procure the attendance of material absent witnesses and setting forth the facts to which such absent witnesses would, if present, swear, unless, with the consent of the Commonwealth's attorney, such statements of the absent witnesses are admitted by the Commonwealth to be true and so read to the jury.

L. L. PEACE and ROSE & POPE for appellant.

JAMES GARNETT, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

The appellant, Mat Lawson, was tried in the court below under an indictment charging him with the crime of maliciously shooting at another with intent to kill, but without wounding him. By the verdict of the jury he was found guilty, and the judgment of the court entered thereon fixed his punishment at confinement in the penitentiary not less than one nor more than five years. He complains of the verdict and judgment, hence this appeal.

Only one of the numerous grounds urged in the court below for a new trial is relied on by appellant for a reversal of the judgment, namely, the refusal of that court to grant him a continuance of the case upon the affidavit filed in support of his motion therefor. It appears from the affidavit that six of the appellant's witnesses named therein were not in attendance upon the trial, although all of them were residents of Whitley County, and five of

them had been duly served with a subpoena; also that they were absent without his procurement or consent. The affidavit sets out the testimony which appellant claimed would be given by them in his behalf if present at the trial, amply shows the materiality of the facts to which they would testify, and that he could not safely go into trial without the presence and testimony of these witnesses. The circuit court refused the continuance, but ordered forthwith attachments for the witnesses, and advised the appellant that he would be permitted to read in his behalf on the trial, as the depositions of the absent witnesses, such parts of the affidavit as purported to contain the facts to which it was claimed they would testify, but further ruled that the Commonwealth's Attorney would not be required to admit the truth thereof and would be privileged to introduce evidence to contradict such testimony and impeach the credibility of the witnesses. Thereupon appellant expressed his unwillingness to go into trial in the absence of the witnesses named in the affidavit, unless the Commonwealth's attorney would admit as true the facts to which it was claimed in the affidavit they would testify if present. This admission the Commonwealth's attorney refused to make, which refusal was sustained by the court; and when, in the introduction of the evidence in his behalf, appellant offered to introduce as evidence the statements of the absent witnesses set forth in the affidavit, the court again refused to require the Commonwealth's attorney to admit the truth of the testimony attributed to the absent witnesses, appellant declined to introduce or read the testimony in question to the jury.

It appears from the record that exceptions were duly taken and entered by appellant to the rulings of the court refusing him a continuance and compelling him to go into trial without the admission upon the part of the Commonwealth of the truth of the testimony of the absent witnesses presented by his affidavit.

In order that the materiality of the evidence in the possession of the absent witnesses may be understood it will be necessary in this connection to give a brief statement of the facts with respect to the commission of the offense for which appellant was convicted. It was the theory of the Commonwealth, and its evidence conduced to show, that appellant had been arrested by the sheriff of Whitley County under a warrant charging him with a misdemeanor, following which he was placed in the

custody of a deputy of the latter awaiting the arrival of a train by which it was intended to convey him to the county jail; that appellant broke away from the deputy and in attempting to make his escape was pursued by the sheriff and a posse for the purpose of re-arresting him; and that when this purpose was about to be accomplished appellant repeatedly fired shots from a pistol at the sheriff and also several of the posse without wounding him or them; that this shooting was done maliciously and with the intent to prevent his re-capture by killing the sheriff and posse, though only indicted for shooting at the former; that the sheriff and his posse in attempting to re-capture appellant used no more force than was necessary to effect the end in view; that none of them shot at appellant until after he opened fire upon them, and such shooting as they did was to protect themselves from death or great bodily injury at the hands of appellant.

On the other hand, appellant's own testimony, as well as other evidence introduced in his behalf, tended to show that the shooting which he did at the sheriff and his posse was not commenced or done by him until after they had fired several shots at him, and that such shooting as he did was in his necessary self-defense.

It is unnecessary to set forth the testimony which the affidavit for the continuance states would have been furnished by the witnesses on account of whose absence a continuance was asked, but sufficient to say that it was all to the effect that the shooting for which appellant was convicted was done after he had first been shot at, and in his necessary self-defense.

Indeed, its materiality is admitted by counsel for the Commonwealth. It is not to be overlooked that the trial and conviction of the appellant occurred at the same term of the circuit court at which the indictment was returned.

Section 189 of the Criminal Code provides that "when the ground of application for a continuance is the absence of a material witness, and the defendant makes affidavit as to the facts which such witness would prove, the continuance shall be granted, unless the attorney for the Commonwealth admit upon the trial that the facts are true." But by an amendment to Section 189, adopted May 15, 1886, it was provided that, upon such application, "the attorney for the Commonwealth shall not be compelled, in order to prevent the contin-

uance, to admit the truth of the matter which it is alleged in the affidavit such absent witness or witnesses would prove, but only that such witness or witnesses would if present testify as alleged in the affidavit * * *,'' with a further provision that the Commonwealth will be permitted to controvert the statements of such affidavit by other evidence, etc. However, it is further provided that the provisions of the amendatory section shall not apply to a motion for continuance made at the same term at which the indictment is found. In the frequent interpretations given the foregoing provisions of the Code we have uniformly held that the Commonwealth's attorney will not be permitted to force the defendant into trial at the indicting term without admitting the truth of the facts which his affidavit for continuance shows would be proved by the absent witnesses. Pace v. Commonwealth, 89 Ky., 204; Hardesty v. Commonwealth, 88 Ky., 537; Wiggins v. Commonwealth, 104 Ky., 765; Breeden v. Commonwealth, 151 Ky., 217.

Perhaps the latest utterance of this court upon this subject may be found in the opinion in Jones v. Commonwealth, 154 Ky., 640, wherein, following an elaborate discussion of the question, it is said:

"When an affidavit is filed at the indictment term seeking a continuance and the statements therein contained show that the affiant has used diligence to procure the attendance of his witnesses, and then sets out in his affidavit a statement of what the absent witnesses, if present, would swear to, and that they are absent without his knowledge, procurement or consent, unless the Commonwealth will agree that the statement of what the absent witnesses would testify to shall be read to the jury as true and conceded by him to be true, it is the duty of the trial court to continue the case."

It is only necessary to add that the affidavit in the instant case fully meets these requirements of the law, and this being true, the circuit court erred greatly to the appellant's prejudice in not granting him the continuance asked.

For the reason indicated the judgment is reversed and cause remanded for a new trial in conformity to the opinion.