## Tolliver v. Commonwealth.

(Decided November 18, 1914.)

Appeal from Carter Circuit Court.

1. Criminal Law—Trial at Indictment Term—Affidavit for Continuance.—To force the defendant to try at the indictment term the

· KENTUCKY REPORTS. '      [Vol. 161.

Commonwealth must admit the facts stated in the affidavit for continuance to be true and the refusal to do this is error although the defendant has other witnesses at the trial who swear to the same facts.

2.  Instructions—Self Defense.—An instruction on self-defense should not require the jury to believe the facts therein stated beyond a reasonable doubt.

3.  Arrest—When Private Person May Make.—A private person may make an arrest when he has reasonable grounds to believe the person has committed a felony, and if in so doing he is attacked he may stand his ground and defend himself, but he may not shoot the offender unless in self-defense.

4.  Evidence—Dying Declarations.—Statements of the deceased inconsistent with a dying declaration may be shown by the defendant to impeach the dying declaration.

5.  Bail—Hearing on Motion For.—The defendant is entitled to have his motion for bail heard.

D. B. CAUDILL, W. E. PROCTOR, H. L. WOODS, G. W. E. WOLFFORD and H. R. DYSARD for appellant.

JAMES GARNETT, Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

C. W. Tolliver was indicted in the Carter Circuit Court charged with the murder of Lafe Fraley, and having been tried before a jury, was found guilty and his punishment was fixed at confinement in the penitentiary for life. The court refused a new trial and he appeals.

The case was tried at the term at which the indictment was found. The defendant filed an affidavit for continuance. The Commonwealth Attorney agreeing that the affidavit might be read as the deposition of certain absent witnesses, the court overruled the motion for continuance.

On the trial the defendant asked that the affidavit be taken as true and the jury so instructed; the court refused to do this. This was error, as the trial took place at the same term at which the indictment was found; under the statute the defendant was entitled to have a continuance unless the facts stated were admitted as true. Jones v. Commonwealth, 154 Ky., 640; Lawson v. Commonwealth, 159 Ky., 757; Biggs v. Commonwealth, 159 Ky., 836; Tyree v. Commonwealth, 160 Ky., 706. The defense was that the killing was done in self-defense by the defendant. If the affidavit had been admitted as

true it would in effect have been admitted that the shooting was done in self-defense, and all proof to show the contrary would have been inadmissible on behalf of the Commonwealth. The defendant had at the trial several witnesses who testified to the same facts set out in the affidavit for continuance, and it is insisted that he was not therefore prejudiced by not having his affidavit admitted as true; but the jury were at liberty not to believe these witnesses, and if the affidavit had been admitted to be true they would have been required to accept it as true.

The court gave the jury this instruction on self-defense:

"If the jury do not believe as in either instructions No. 1 or No. 2, but believe from the evidence beyond a reasonable doubt that at the time the defendant shot and killed deceased Lafe Fraley (if he did so shoot and kill him) he, the defendant, had reasonable grounds to believe and in good faith did believe that at the time he so shot and killed the deceased, he was then and there in danger of death or great bodily harm at the hands of the deceased, and that in the exercise of a reasonable judgment, and under the circumstances there was or appeared to the defendant no other way to avert the said danger or to him apparent danger than to shoot and kill the deceased, they will acquit the defendant on the grounds of self-defense or apparent necessity."

It will be observed that in order to acquit the defendant under this instruction the jury were required to believe from the evidence beyond a reasonable doubt the facts therein stated. The defendant is not required to establish his defense beyond a reasonable doubt. He admitted the killing and his only defense was that he shot in self-defense. The instruction was therefore prejudicial to his substantial rights. Bonner v. Commonwealth, 18 R., 728; Adkins v. Commonwealth, 26 R., 496; Biggs v. Commonwealth, 159 Ky., 836.

The proof on the trial showed that the deceased had knocked down a man by the name of Sparks with a bottle and while Sparks was lying on the ground, bleeding at the nose and supposed to be killed, some one in the crowd called out to the defendant to arrest Fraley, and that this he undertook to do, but when he told Fraley to consider himself under arrest, according to the proof for the defendant, Fraley picked up two large rocks and

attacked the defendant, and when he had thrown one of these rocks at the defendant, the defendant drew his pistol and shot him. The proof for the Commonwealth on the contrary was that Fraley made no attack on the defendant and that the defendant shot him in the back as he was going away from him. The court gave the jury no instruction on the right of the defendant to arrest Fraley although he was asked to do so; and in this way the defendant's side of the case was not properly presented to the jury. As under the evidence both for the Commonwealth and the defendant the defendant had reasonable grounds to believe that Fraley had committed a felony, whether Sparks was living or dead, in striking him with a bottle as he did, the court should have given the jury this instruction:

"The defendant had reasonable grounds to believe that the deceased had committed a felony and he had the right to arrest him therefor; he had no right to shoot deceased unless in self-defense; but if the deceased attacked him he had the right to stand his ground and use such force as was necessary to arrest him; and if you shall believe from the evidence that at the time the defendant shot said Fraley, if he did so, he believed and had reasonable grounds to believe that he was then and there in danger of death or the infliction of some great bodily harm at the hands of said Fraley, and that it was necessary or was believed by the defendant, in the exercise of a reasonable judgment, to be necessary to shoot the deceased in order to avert that danger, real or to the defendant apparent, then you will acquit the defendant upon the ground of self-defense or apparent necessity."

This instruction may be given in lieu of No. 3 above quoted.

The defendant had no right to kill Fraley simply to prevent his going away, but if Fraley attacked him and so put his life in danger, he had the right to use such force as was necessary to protect himself.

The Commonwealth proved a dying declaration made by Fraley shortly before his death on the following evening. The defendant then offered to show by a witness another declaration made by Fraley contradictory of the dying declaration proved by the Commonwealth. The court refused the evidence apparently on the ground that the deceased had not been asked in regard to these

statements; but a dying declaration is an exception to the rules of evidence, and we have held that where a dying declaration is admitted in evidence, other statements of the declarant inconsistent with the declaration may be shown to impeach it. Allen v. Commonwealth, 134 Ky., 110.

The defendant's objection to the presiding judge was not made in time, and was therefore properly overruled; but the defendant was entitled to a hearing on his motion for bail. On the return of the case to the circuit court, a time will be set for a hearing of the motion before the day of trial. The proof taken down by the official stenographer on the last trial may be read on the trial of the motion, and such other evidence may be heard as may be proper.

Judgment reversed and cause remanded for a new trial and further proceedings consistent herewith.