## Watkins v. Pinkston.

(Decided February 11, 1921.)

## Appeal from Daviess Circuit Court.

1. Injunction—Opinion by One Judge Not Law of Case on Subsequent Appeal—Estoppel.—An opinion of a member of this court ordering or dissolving a temporary injunction, pursuant to the provisions of section 296 of the Civil Code, although concurred in by a majority of the court and the opinion ordered published, does not become the law of the case in a subsequent appeal on the merits after final trial below, and is therefore not binding as an estoppel upon the parties nor upon this court under the "law of the case" rule.

2. Officers—Term of Police Judge.—That portion of sub-section 5 of section 3480b, Kentucky Statutes, 1915 edition, which limits the term of police judge to two years when elected in the odd year after the adoption by cities of the third class of the commission form of government, violates the provisions of sections 160 and 167 of the Constitution and is therefore void. Those sections fix the term of police judges at four years, and it is incompetent for the legislature to change the term either by shortening or lengthening it.

LAWRENCE P. TANNER and W. T. ELLIS for appellant.

W. P. SANDIDGE for appellee.

Opinion of the Court by Judge Thomas—Affirming.

The questions involved on this appeal were considered by a member of this court upon a motion for a temporary injunction (which had been denied by the judge of the circuit court) made pursuant to provisions of section 296 of the Civil Code of Practice. That motion was considered and determined by four of the members of this court and the opinion sustaining it and directing that the temporary injunction issue is reported in 186 Ky., 365, wherein the facts as well as the legal questions involved are set out in detail and we do not deem it necessary to repeat them here. That opinion, however, will not be treated on this appeal from a judgment upon the merits as the "law of the case," and binding upon the parties. Campbell v. Mim, 149 Ky. 101, and Fish v. South, 185 Ky. 663. The injunction opinion, however, when it is concurred in by a majority of the members of this court may be looked to for its persuasive effect. A subsequent appeal upon the merits is, then, in the nature, and has the effect of a petition for a rehearing in the con-

sideration of which the first (injunction) opinion is, of course not binding.

We have again thoroughly considered the questions determined upon the motion for a temporary injunction and see no reasons why we should recede from any of them as expressed in the opinion referred to. Indeed, the argument for appellant on this appeal is the same as that made in the injunction proceeding, with only one additional authority referred to, which is the case of State, *ex rel.* Harrison v. Menaugh, 151 Ind. 260, 43 L. R. A. 408. The questions presented and determined in that case are so radically different from the ones here involved that it will require only a brief reference to them to demonstrate the fact. The legislative act there involved was one extending the time for the election of township trustees and township assessors from the first Tuesday after the first Monday in November, 1898, to the same day in November, 1900. The officers affected were elected pursuant to a statute then in force on the same day in November, 1894, for a term of four years, and the effect of the statute involved was to extend the term of the incumbents for a period of two years, making their actual service under their election in 1894, a period of six years instead of four years, and it was claimed that such a result violated section 2 of article 15 of the constitution of the state, saying: "When the duration of any office is not provided for by this constitution, it may be declared by law. . . . But the general assembly shall not create any office the tenure of which shall be longer than four years." The offices of township trustees and township assessors, concerning which the statute involved related, were not constitutional offices. There was no provision in the fundamental law of the state creating them and, of course, there was no time fixed when they should be elected; but under other provisions of that document it was competent for the legislature to create them and to provide the tenure of the office, but limited, as we have seen, to a maximum term of four years. However, section 3 of article 15 of the Indiana constitution prescribed that, "Whenever it is provided in this constitution, or in any law which may be hereafter passed, that any officer, other than a member of the general assembly, shall hold his office for any given term, the same shall be construed to mean that such officer shall hold his office for such term *and until his successor shall have been elected and qualified.*" The supreme

court of the state, upholding the act involved, held that, since the offices to which the act related were purely legislative ones, in the absence of a constitutional provision fixing the terms, or the time when they should be filled by election, it was competent for the legislature, not only to create them, but to prescribe from time to time, within its discretion, when the incumbents should be elected; and that if a subsequent amendatory act, relating to the time of the election, should postpone that event to a time more than four years from the last preceding election, the intervening time could be filled by the incumbents continuing to serve under the provisions of section 3 of article 15 of the constitution of the state, which we have above set out. In other words, it was held that the quoted portion of the constitution of that state prescribed the maximum tenure of legislatively created officers at four years, but that such maximum tenure "shall be construed to mean that such officer shall hold his office for such term (four years) *and until* his successor shall have been elected and qualified." The court held that the officers involved were elected for the prescribed term of four years, and could serve the additional period following that term until their successors were elected and qualified (as provided in the act then under consideration) which brought them squarely under section 3 of article 15 of the state's constitution, and the act was accordingly upheld.

We have nothing in this case remotely resembling the questions there presented. Our constitution, as pointed out in the injunction opinion, expressly recognizes the office of police judge (involved here) of cities and towns; and section 160 of that instrument expressly prescribes the terms of the office, which is four years, and section 167 expressly prescribes the time for the first election of such officers after the adoption of the constitution and then says that subsequent elections shall occur "thereafter as their terms of office (every four years) may expire." Other provisions of the section, prescribing the time when the terms of police judges who are first elected under the constitution shall commence, are not involved in this case. We are still firmly of the opinion that so much of subsection 5 of section 3480b, Carroll's 1915 edition of the statutes, as attempted to limit the term of appellee Pinkston (to which he was elected in 1917) to two years, is unconstitutional as violative of the provisions of sections 160 and 167 of our constitution. The trial court sustained a demurrer to defendant's answer

relying on subsection 5 *supra* of the statutes, and held it to be unconstitutional, as was declared in the injunction opinion, and defendant declining to plead further the relief prayed for in the petition was granted. We have no doubt of the correctness of the court's ruling and the judgment is accordingly affirmed.