## Aldridge v. Commonwealth.

(Decided June 24, 1921.)

### Appeal from Daviess Circuit Court.

1. Statutes—Criminal Law—Continuance—Construction of Act.—An act to regulate continuances in penal and criminal cases passed by the General Assembly in 1886, having been incorporated in and as a part of section 189 of the Criminal Code and same having in previous decisions been referred to and considered as a part of said section of the Code will be so treated and construed in the present proceeding.

2. Criminal Law—Continuance—Affidavits.—Prior to 1920 upon the filing by the defendant of an affidavit for continuance and an agreement by the attorney representing the Commonwealth that it might be read as the deposition of the absent witnesses, if the trial takes place at the indicting term defendant is entitled to a continuance unless the facts stated were admitted as true.

3. Criminal Law—Continuance—Construction of Act.—An act entitled "An act to amend and re-enact section 189 of the Code of Practice in criminal cases relating to continuances" passed at 1920 session of the General Assembly will be construed as constituting the whole of section 189 of the Criminal Code as it should appear after the approval of said act and any language or provision of said section or of earlier acts not incorporated in the new act are no longer in force.

4. Constitutional Law—General Rules of Construction.—Whenever an act of the legislature can be construed and be given the force of a law so as to avoid conflict with the Constitution, the courts will adopt such a construction.

FLOYD J. LASWELL and WILBUR K. MILLER for appellant.

CHAS. I. DAWSON, Attorney General, C. E. SMITH and H. A. BIRKHEAD for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

Appellant was indicted for the crime of robbery, and at the indicting term was tried, found guilty and sentenced to a ten year term in the penitentiary. Dissatisfied with this judgment he has appealed.

The first and chief point urged for reversal is directed to the effect of a motion for a continuance on account of the absence of certain witnesses. According to the affidavit these witnesses had they been present would have testified to facts showing appellant was not guilty of the offense charged. The Commonwealth objected to the motion but agreed to admit the evidence in so far as competent and relevant, whereupon the court overruled the motion and proceeded to try the case.

Section 189 (then 190) of the Criminal Code as originally adopted in 1854 read as follows:

"The provision of the Code of Practice in civil cases in regard to postponement of the trial of actions shall apply to the postponement of prosecutions by the defendant."

This provision was carried forward in subsequent codes, with certain modifications, so that at the beginning of 1886 said section read as follows:

"The provisions of the Code of Practice in civil actions, in regard to postponement of the trial of actions, shall apply to the postponement of prosecutions on application of the defendant, except that, when the ground of application for a continuance is the absence of a material witness, and the defendant makes affidavit as to the facts which such witness would prove, the continuance shall be granted, unless the attorney for the Commonwealth admit upon the trial that the facts are true."

At its 1886 session (Acts 1885-86, p. 112) the General Assembly passed an act entitled "An act to regulate continuances in criminal and penal cases." In the first section of said act it is provided that the attorney for the Commonwealth shall not be compelled in order to prevent a continuance to admit the truth of the matter set forth in the affidavit for a continuance, but only that such absent witness would, if present, testify as alleged in the affidavit, in which event accused could read the affidavit as a deposition, subject to exception for irrelevancy or incompetency. Then, too, the court is given the discretionary power, if the needs of justice require it, to grant a continuance unless the Commonwealth's attorney will admit the truth of the matter alleged.

In section 2 of the act it is provided that section 1 shall not apply to a motion for a continuance made at the same term at which the indictment is found. These two sections of the 1886 act have been incorporated in and as a part of all the editions of the Code subsequent to 1886.

Construing the law as it existed prior to 1920 this court, in Tolliver v. Commonwealth, 161 Ky. 81, 176 S. W. 1190, held that where the defendant files an affidavit for continuance and the attorney for the Commonwealth agrees that it might be read as the deposition of certain absent witnesses, if the trial takes place at the indicting term, the defendant is entitled to a continuance unless the facts stated are admitted as true. In that case the defense was that the killing was done in self-defense by the defendant, the court saying:

"If the affidavit had been admitted as true it would in effect have been admitted that the shooting was done in self-defense and all proof to show the contrary would have been inadmissible on behalf of the Commonwealth."

And this notwithstanding the fact that Tolliver had at the trial several witnesses who testified to the same facts set out in the affidavit, the court saying that "the jury were at liberty not to believe these witnesses, and if the affidavit had been admitted to be true they would have been required to accept it as true."

At its 1920 session the General Assembly passed an act entitled "An act to amend and re-enact section 189 of the Code of Practice in criminal cases relating to continuances." (Acts 1920, chap. 57, p. 244.)

In the preamble to said act it is provided:

"That section 189 of the Code of Practice in criminal cases be, and the same is, hereby amended and re-enacted so that same when amended and re-enacted shall read as follows."

Then follows a verbatim copy of the first section of the 1886 act.

It is the contention of appellant that he was entitled to a peremptory instruction in his favor, unless the 1920 act changed the law. It is his contention that the 1920 act is void because it does not conform to the requirements of section 51 of the Constitution, which reads as follows:

"No law enacted by the General Assembly shall relate to more than one subject, and that shall be expressed in the title, and no law shall be revised, amended or

the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revised, amended, extended or conferred, shall be re-enacted and published at length.''

It is said that while the act relates to only one subject that subject is not expressed in the title as required by the provision, *supra*. The argument is made that the body of the act does not deal with section 189 at all but is merely an amendment to the 1886 act. It is stated that only as an amendment to section 189 can the act be sustained, but it is argued to so hold would result in repealing the general provisions of the section relating to the applicability of provisions of the Civil Code in the matter of continuances in criminal cases. And it is earnestly insisted that such a result could not have been intended by the legislature.

In Breeden v. Commonwealth, 151 Ky. 217, 151 S. W. 407; Rhodes v. Commonwealth, 155 Ky. 534, 152 S. W. 549; Lawson v. Commonwealth, 159 Ky. 757, 169 S. W. 494, Breeding v. Commonwealth, 190 Ky. 207, as well as in other cases, the act of 1886 has been considered and treated as an amendment to section 189. The act of 1920 shows on its face an intention not to add words to the existing section, but to so change it to make it read as therein set out. It will be observed it provides that said section (189) ''is hereby amended and re-enacted so that same when amended and re-enacted shall read as follows.'' The words following this preamble are the provisions, which as the act provides, shall constitute and compose section 189 of the Criminal Code, from which it follows that the 1920 act constitutes the whole of section 189, and that any language or provisions of earlier acts not incorporated in the new act are no longer in force.

Webster's New Int'l. Dict. defines ''amendment'' as ''to alter by some addition; taking away; or modification.'' In its legal phraseology ''amendment'' is not synonymous with ''repeal,'' but it does not follow that an amendment of a statute may not be accomplished by repeals of some of its parts, but such change or alteration made by the amendment is direct and not consequential as in the case of a repeal.

In Bouvier's Law Dict. we find that a repeal is the abrogation or destruction of a law by a legislative act, while an amendment is an alteration or change of something proposed in a bill or established as law.

The Code provision as it existed prior to 1920 was the result of legislative enactment. The legislature gave and it can take away. If it was desirous of so changing the existing law as that the new provision would take the place of the old (and the language used is not susceptible of any other construction), it was empowered so to do and with the exercise of that right we cannot interfere. If the change is unwise the legislature and not the courts must supply the remedy. However unjust, arbitrary or inconvenient the intention conveyed may be, it must receive its full effect. Endlich on Interpretation of Statutes, sec. 4; Flynn v. Barnes, etc., 156 Ky. 498, 161 S. W. 523.

As said in Bosley v. Mattingly, 14 B. Mon. 72:

"It may be proper, in giving a construction to a statute, to look to the effects and consequences, when its provisions are ambiguous, or the legislative intention is doubtful. But, when the law is clear and explicit, and its provisions are susceptible of but one interpretation, its consequences, if evil, can only be avoided by a change of the law itself, to be effected by legislative and not judicial action."

The court should construe statutes in accordance with the legislative intent, since it is always to be presumed the legislature designed the statute to take effect and not be a nullity. Cooley's Constitutional Limitations, p. 255.

Whenever an act of the legislature can be so construed and applied as to avoid conflict with the Constitution and give it the force of a law, such construction will be adopted by the courts. Newland v. March, 19 Ills. 376.

Or as said in Ogden v. Saunders, 12 Wheat, 213:

"It is but a decent respect due to the wisdom, the integrity, and the patriotism of the legislative body by which any law is passed, to presume in favor of its validity, until its violation of the Constitution is proved beyond all reasonable doubt."

In Board of Penitentiary Commissioners v. Spencer, etc., 159 Ky. 255, 166 S. W. 1017, in setting forth the various ways in which section 51 of the Constitution may be complied with, the court says:

"a. That it is not necessary when the body of the new act repeals or has the effect of repealing all or part of an existing act, to republish or set forth the parts repealed, although the title of the repealing act may purport to be an amendment to the existing act. b. That when it is proposed to revise or amend one or more sec-

tions of the Kentucky Statutes, or an act, the body of the new act should contain the section or sections as they will read when revised or amended, if it is proposed to re-enact or leave in force any part of the section or sections that are amended or revised. If, however, it is intended to repeal one or more sections, then it is necessary to set forth in the body of the act the section or sections repealed.''

We are satisfied the 1920 act does not contravene any of the provisions of section 51 of the Constitution.

In the next place it is said the evidence is not sufficient to support the conviction. We do not deem it necessary to set forth the evidence in detail. Accused was positively identified by Tilden Jones, who had the whiskey under his control, as one of the men who appeared at the house and assisted in the asportation of the twelve cases of whiskey, while one witness says he did not look inside the cases, others repeatedly refer to the contents of the cases as being whiskey. For instance we find such expressions as, ''I set the whiskey on top;'' ''Twelve cases of quarts;'' ''Jack and Bob took away six cases of whiskey;'' ''The whiskey was divided by each one getting three cases;'' and so throughout the entire testimony the witnesses refer to the contents of the cases as being whiskey. We do not think there can be any doubt that the evidence amply supports the verdict.

The fact that the whiskey is referred to in the evidence as the property of Hugh Herr whereas the indictment refers to it as the property of Hugh S. Herr, was not a fatal or material variance. See Lowery v. Commonwealth, 191 Ky. 657, 231 S. W. 234. Besides the indictment identifies the whiskey as ''same being in the custody of Tilden Jones.''

Finding no error in the judgment, same is accordingly affirmed.