### Commonwealth v. Robinson.

(Decided September 27, 1921.)

### Appeal from Laurel Circuit Court.

Statutes—Subjects and Titles of Acts.—The provision of section 28, of chapter 81, Session Acts, 1920, which makes it unlawful to be drunk upon a road, is not void, as being enacted contrary to the provisions of section 51, of the Constitution.

CHAS. I. DAWSON, Attorney General, THOS. B. McGREGOR, Assistant Attorney General, and B. G. REAMS, County Attorney, for appellant.

FINLEY HAMILTON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HURT—Reversing.

An indictment was returned against the appellee, Eller Robinson, accusing him of the offense of unlawfully being drunk and intoxicated upon the road. The indictment was based upon section 28 of chap. 81, of the Session Acts of 1920, which is commonly called the state prohibition enforcement law. A general demurrer was sustained to the indictment, and the attorney for the Commonwealth has appealed. The validity of the indictment is assailed upon the ground that the portion of section 28, chap. 81, which makes the act of being drunk upon a public road unlawful is void, because the enactment of the act with such provision in it was in contravention of the requirements of section 51 of the Constitution of Kentucky. The portion of section 51 of the Constitution which it is insisted was violated, is as follows:

"No law enacted by the General Assembly shall relate to more than one subject, and that shall be expressed in the title." The title of the act embraced in chap. 81 of the Session Acts of 1920, is as follows:

"An act to prohibit and provide penalties for the manufacture, sale, transportation or other disposition of spirituous, vinous, malt or intoxicating liquors, except for sacramental, medicinal, scientific or mechanical purposes in the Commonwealth of Kentucky, and to regulate manufacture, sale and transportation of alcohol for non-beverage purposes thereunder."

In section 28 of the act, it is declared to be unlawful to drink intoxicating liquors in certain public places or to drink them in excess so as to be intoxicated or drunk. It is the contention of the appellee that the subject of drunkenness is not germane to the subject expressed in the title of the act. In other words it is a different subject matter from the subject expressed in the title of the act, and for that reason so much of section 28 as makes it unlawful to drink liquors to intoxication and being in a drunken condition is void. It is not necessary to say that the requirement of the Constitution, as expressed in section 51, is mandatory and any failure on the part of the legislature to conform to that requirement is fatal to any legislation enacted.

It is, however, a well settled doctrine, that an enactment of the legislature is presumed to be and to have been done, in accordance with the requirements of the Constitution, and the validity of an act should be upheld

unless it is found to be clearly in contravention of a constitutional requirement, after the act and the constitutional provisions have both been given a liberal construction with the view of sustaining the legislative action. Collins v. Henderson, 11 Bush, 74; C. S. Co. v. Moreland, 126 Ky. 656; Ragland v. Anderson, 125 Ky. 141; Aldridge v. Com. 192 Ky. 215.

It is clear that the general legislative subject of the act, and the purpose and object of the legislature in enacting it was the prohibition of the use of intoxicating liquors, for beverage purposes. The statute enacted following the title may include every matter germane to and in furtherance of the general subject expressed in the title. If the provision of the act attempted to be impeached for constitutional invalidity, relates to the general subject expressed in the title, is naturally connected with it and not foreign to it, it is not rendered invalid by section 51, of the Constitution. Williams v. Wedding, 165 Ky. 361; Diamond v. Com., 214 Ky. 418; Burnside v. Lincoln Co. Ct., 86 Ky. 423; Barksdale v. Laurence, 58 S. C. 413; Crookston v. Board, etc., 79 A. S. P. 453, 25 R. C. L. 846, and cases cited.

The question is now presented, as to whether the making unlawful of the act of being drunk upon a road, as declared in section 28, of the act, has a natural connection with the general subject of the act as expressed in the title, which is the prohibition of the use of intoxicating liquors as a beverage. Is it foreign to that general subject and not germane to it? Is not the prohibition of drunkenness and a punishment therefor naturally germane to and in furtherance of the general subject of prohibiting the use of intoxicating liquors as a beverage? Would not a legislator naturally expect to find a declaration that the excessive use of intoxicating liquors was unlawful and a punishment fixed therefor under title of an act which expressed the general subject of the act to be the prohibition and therefore to restrain the use of such liquors as a beverage? Under the principles which determine the validity of statutes and parts of statutes, as affected by section 51, of the Constitution, we are constrained to hold that the court was in error in sustaining the demurrer.

The judgment is therefore reversed and the cause remanded for further proper proceedings not inconsistent with this opinion.