## Calhoun, Mayor, et al. v. Jett.

(Decided September 30, 1921.)

### Appeal from Daviess Circuit Court.

1.  Statutes—City Prosecuting Attorney—Adoption of Commission Form of Government.—The office of city prosecuting attorney was not abolished by the act governing cities of the third class in those cities which had adopted the commission form of government, though in a subsequent section of the same act, provision

is made for the election of mayor and police judge only, since another section of the act provides that all laws not inconsistent with the new act are continued in force.

2.    Statutes—Ambiguity—Construction.—It is proper to look to the effect and consequences of a statute when its provisions are ambiguous or the legislative intent doubtful, but when the law is clear and explicit and susceptible of but one interpretation its consequence, if evil, can only be avoided by a change in the law itself to be affected by legislative and not judicial action.

GEO. S. WILSON for appellants.

TANNER W. JETT and SANDIDGE & SANDIDGE for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

Whether the office of prosecuting attorney of the police court of the city of Owensboro was abolished by the adoption by that city of the commission form of government is the only question raised on this appeal.

At the regular November election, 1917, plaintiff was elected for a term of four years to the office of prosecuting attorney of the police court of Owensboro, a city of the third class. In the December following he entered upon the discharge of the duties of said office and has continuously performed same since that date.

As such prosecutor his compensation, consisting of thirty per cent of the fines and forfeitures recovered in the police court, was paid to him until May 1, 1919. Defendants having failed and refused to pay the proportion of the fines and forfeitures recovered during the month of May, 1919, it was sought by mandamus to compel the city commissioners to pay the sum alleged to be due. The relief prayed for was granted.

Pursuant to the provisions of an act of 1914 (Ky. Stats., sec. 3480b) and prior to the 1917 election, the city of Owensboro adopted the commission form of government, and it is the contention of the defendants that in so doing the office of prosecuting attorney was abolished. This argument is based upon the provisions of section 4 of the act aforesaid (Ky. Stats., sec. 3480b-4) which reads:

"All the present city *officers*, save those of mayor and police judge, and city prosecuting attorney, shall, at the expiration of that year which shall next follow the year in which said election is held, be *ipso facto* abolished, if the vote at said city election shall be in favor of the organization and government of the city under this act.

It is understood that the mayor, police judge and city prosecuting attorney shall hold their respective offices · until the expiration of the term of office to which such officer was elected.''

In the succeeding sections of the act it is provided that in the year following the adoption of the commission plan there shall be elected two commissioners and a mayor or police judge, depending upon the expiration of the term of the two officers last mentioned, and in the event both terms expire in the same year the first term of the police judge shall be for two years only, the object being that every other year two commissioners and a mayor or police judge shall be elected. This section makes no mention of the prosecuting attorney.

Section 2 of the act provides that all laws applicable to cities of the third class, not inconsistent with the 1914 act, shall continue to apply to and govern each city organized under the act.

Section 19 empowers the commissioners to appoint such employes as may be necessary for the proper conduct of the affairs of the city:

If the legislature intended to abolish the office of prosecuting attorney, it has failed to express that intention in the language used in the act; on the contrary it expressly provided that all offices except those of mayor, police judge and city prosecuting attorney should be abolished, nor should the terms of the incumbents of any of the three named offices be interfered with.

In construing a statute it is proper to look to its effect and consequences when its provisions are ambiguous, or the legislative intent is doubtful. But when the law is clear and explicit and its provisions susceptible of but one interpretation, its consequences, if evil, inconvenient, unjust or arbitrary, can only be avoided by a change in the law itself, to be effected by legislative and not judicial action. Bosley v. Mattingly, 14 B. Mon. 72; Aldridge v. Commonwealth, 192 Ky. 215, 232 S. W. 619. The courts should construe statutes in accordance with the legislative intention and this intention is to be ascertained from the language of the act itself.

That the legislature did not propose to abolish the office of prosecuting attorney in cities of the third class is emphasized by corresponding sections in acts relating to cities of other classes, e. g., in cities of the second class only the offices of mayor and police judge were retained (Ky. Stats., sec. 3235c-4) in language identical to

that found in the section pertaining to cities of the third class, with the proviso, however, that the offices (naming them) other than the mayor and police judge, should not be deemed abolished until the expiration of the terms of the incumbents. While the act relating to cities of the fourth class (Ky. Stats. sec. 3606b-4) abolishes all offices after the expiration of the term for which they were elected.

Thus we find that when the legislature wanted to abolish all the offices it said so in express language, when it was desired to retain certain offices, language to that effect, equally as expressive, was used.

If it was the legislative will that the office of prosecuting attorney in cities of the third class should be abolished, it was expressed antonymically because the act expressly saves and excepts said office along with those of. mayor and police judge from the abolition directed to all others.

The fact that in section 5 of the 1914 act, provision is only made for the election of a mayor, police judge and commissioners does not militate against the conclusions we have reached. The legislature was desirous of having the election for mayor and police judge take place at different times and when this had been provided for, it would have been useless to make any reference to the election of prosecuting attorney since it was necessary, if his election was to take place when commissioners were to be elected, that he be elected on one date or the other. In so far as subsection 5 of the statute aforesaid attempts to limit the term of the police judge to two years we held in Watkins v. Pinkerton, 190 Ky. 455, 227 S. W. 583, that same was unconstitutional.

Finding no error in the judgment it is accordingly affirmed.