## Gray v. Commonwealth.

(Decided March 27, 1925.)

### Appeal from Christian Circuit Court.

1. Criminal Law—Witnesses—Refusal to Permit Testimony that Witness was to Receive $25.00 for Each Bootlegger Convicted Held Prejudicial Error.—Where only witness testifying that defendant sold whiskey was a special policeman, and defendant's guilt or innocence depended on whether such policeman or defendant was telling the truth, refusal to permit defendant to prove that such policeman was paid no salary but $25.00 for each bootlegger he convicted held error and prejudicial.

2. Criminal Law—Admission of Statement of Another in Defendant's Presence Held Prejudicial Error, where Statement Made During Trial Without Affording Defendant Opportunity to Deny it. —Statement made by one in defendant's presence, that a soft drink license was issued to him at instance of defendant, was inadmissible, and its admission prejudicial error, where such statement was made as a witness on a trial, and defendant, though present, was not called as a witness or afforded opportunity to deny statement.

McKENZIE & SMITH for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

This is an appeal from a judgment convicting appellant of selling whiskey to A. B. Clark, on July 15, 1924, in the city of Hopkinsville.

The first complaint is that the court erred in refusing to permit the defendant to prove by the prosecuting witness that, under his employment as special policeman, he was paid no salary but was to receive $25.00 for each bootlegger he convicted, and nothing if there was no conviction.

That this was error is clear, as is conceded by counsel for the Commonwealth. Jones v. Commonwealth, 154 Ky. 640, 157 S. W. 1079. It is insisted, however, for the Commonwealth, that the error was not prejudicial. To this we cannot agree.

The only witness testifying for the Commonwealth that defendant made the sale was Clark, and this was denied by the defendant. The Commonwealth also proved that defendant's reputation for trafficking in

liquor was bad, and·he proved that Clark's reputation for truth and veracity was bad. The question of defendant's guilt or innocence depended upon whether he or Clark was telling the truth, and in these circumstances we think it was highly prejudicial to deny to the defendant the right to prove Clark's financial interest in the matter.

The only other complaint is that the court erred in permitting the Commonwealth to prove, by two police officers, that they heard a Mr. Stoneham, in the defendant's presence, say that while the license for the soft drink stand, in which the sale was alleged to have been made, was issued to him, it was so issued at the instance of Mr. Gray and another party, and that he had absolutely nothing to do with it, but was working on a salary.

This statement would have been admissible against Gray, under a well-known exception to the rule excluding hearsay evidence, only if it had been made under such circumstances as called for a denial by him of its truth. It appears, however, that this statement was made by Stoneham while testifying as a witness for himself upon his trial in the police court on a similar charge, and that Gray, though present, was not called as a witness or afforded any opportunity to deny the statement.

It is, therefore, clear that the court erred in the admission of this evidence, and this error, in our judgment, was also prejudicial.

Wherefore, the judgment is reversed, and the cause remanded for a new trial consistent herewith.