## Fox, County Judge, v. Head.

(Decided November 12, 1929.)

W. W. DOWNING for appellant.

HUBBARD & HUBBARD for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Josie M. Head was duly appointed and qualified as auditor of Jefferson county. Hon. Henry I. Fox, county judge of Jefferson county, refused to sign the warrants for her salary. Thereupon she brought this action against him for a writ of mandamus compelling him as county judge to sign the warrants. He demurred to the petition, and without waiving the demurrer filed an answer. Plaintiff then filed a reply and an amended reply to which a demurrer was interposed. The pleadings merely raised a question of law. The demurrer to the reply as amended was overruled. The demurrer to the answer was sustained, and the writ of mandamus granted.

Section 1840, Kentucky Statutes, amended by chapter 45, Acts 1922, specifically authorizes the employment by the fiscal court of an auditor at a salary not to exceed $2,400 a year, and the only question for consideration is whether or not the act of 1922 is constitutional. In the year 1892 (Acts 1891-92-93, c. 101) the General Assembly passed "An Act creating fiscal courts in the several counties in this Commonwealth." By section 8 of that act, which afterwards became section 1840, Kentucky Statutes, various powers were conferred on the fiscal court. Section 1840, Kentucky Statutes, was afterwards amended several times and new powers conferred on the fiscal court. In the year 1922, section 1840 was amended by an act which is now section 1840, Kentucky Statutes, Baldwin's 1928 Supplement. The amendatory act, which is chapter 45, Acts 1922, is as follows:

"An Act to amend Section 1840 of the Kentucky Statutes, Carroll's 1915 Edition, relating to jurisdiction and powers generally of fiscal courts.

"Be it enacted by the General Assembly of the Commonwealth of Kentucky:

"That Section 1840 of the Kentucky Statutes, Carroll's 1915 Edition, relating to jurisdiction and powers generally of fiscal courts be amended by adding after the words 'the fiscal affairs and property of the county,' the following words, to-wit: 'To cause correct accounts and records to be kept of all receipts and disbursements of the public funds of the county, and have the accounts of all county officers audited, when necessary, and may employ a competent person to keep such accounts and records, and make such audits, and to pay such person a reasonable compensation for such services, not to exceed twenty-four hundred dollars per year.'

"So that the said section, as amended, shall read as follows, to-wit:

" 'The fiscal court shall have jurisdiction to appropriate county funds authorized by law to be appropriated: to erect and keep in repair necessary public buildings, secure a sufficient jail and a comfortable and convenient place for holding court at the county seat; to erect and keep in repair bridges and other structures and superintend the same; to regulate and control the fiscal affairs and property of the county; to cause correct accounts and records to be kept of all receipts and disbursements of the public funds of the county, and have the accounts of all county officers audited, when necessary, and may employ a competent person to keep such accounts and records, and make such audits, and to pay such person a reasonable compensation for such services, not to exceed twenty-four hundred dollars per year; to make provisions for the maintenance of the poor and provide a poor house and farm and provide for the care, treatment and maintenance of the sick and poor, and provide a hospital for said purpose, or contract with any hospital in the county to do so, and provide for the good condition of the highways in the county, and to appropriate county funds to make provision to secure immigration into the county, and to advertise the resources of the county, and to appropriate county funds for the benefit of colleges and for infirmaries for the sick located in the county, and to execute all of its orders consistent with the law and within its jurisdiction

of all such other matters relating to the levying of taxes as is by any special act now conferred on the county court of levy and claims.' ''

Section 51 of the Constitution provides in part: ''No law enacted by the General Assembly shall relate to more than one subject, and that shall be expressed in the title.'' It is suggested that there is nothing in the title to indicate that the Legislature intended to confer the power to create a new office, and that the act is therefore violative of the foregoing provision of the Constitution. The purpose of the constitutional provision is to prevent surreptitious legislation by requiring that the title should be a fair index of the intended legislation. It is not necessary that every provision in the act shall be stated in the title. All that is necessary is that the body of the act shall be germane to the title, or as it is sometimes expressed, shall be naturally connected with and not foreign to the title. Board v. Bradley, 188 Ky. 426, 222 S. W. 518; Bowman v. Hamlett, 159 Ky. 184, 166 S. W. 1008; Commonwealth v. Robinson, 192 Ky. 374, 233 S. W. 791. We have even held that the Legislature has the power to amend a section of the Kentucky Statutes by reference to its section number. Commonwealth v. McNutt, 133 Ky. 702, 118 S. W. 978; Ex parte City of Paducah, 125 Ky. 510, 101 S. W. 898. Here the act in question not only purports to amend a particular section of the Kentucky Statutes, but goes further and indicates that that section relates ''to jurisdiction and powers generally of fiscal courts.'' It thus brought clearly to the attention of the Legislature and to that portion of the public affected by the proposed legislation that the act would deal with the jurisdiction and powers of fiscal courts. In the circumstances one would naturally expect to find in the body of the act some change in the jurisdiction and powers of that body. It follows that the provision authorizing the employment of an auditor is not foreign to, but is naturally connected with and germane to, the title, and therefore not invalid under section 51 of the Constitution, supra. Any other view would compel us to hold invalid the original act of 1892, which confers numerous powers on fiscal courts under the title, ''An Act creating fiscal courts in the several counties in this Commonwealth.'' It follows that the writ of mandamus was properly awarded.

Judgment affirmed.