## Angel v. Commonwealth.

Jan. 27, 1942.

W. R. Henry and W. B. Early for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Rees—Reversing.

Appellant was indicted for the offense of malicious striking and wounding Jack Faulkner with a deadly weapon with intention to kill him, an offense defined by section 1166 of the Kentucky Statutes. The weapon charged to have been used was a pistol, but it was used not in shooting but in striking Faulkner on the head and inflicting two scalp wounds. Upon his trial appellant was convicted and his punishment fixed at confinement

in the state penitentiary for a term of six years. On this appeal the only grounds urged for reversal of the judgment are alleged errors in the instructions, to wit: (1) Failure of the court to define a deadly weapon in the instructions, and (2) instruction No. 4 required the jury to believe, beyond a reasonable doubt, that the accused had established his claim of self-defense.

Appellant was a deputy sheriff of Whitley county, and at the time the difficulty with Faulkner occurred he was traveling in an automobile to the home of Robert Wilder in Whitley county on official business. Just after he turned off U. S. highway 27 south of Williamsburg onto a gravel road his automobile collided with a truck owned by the Davis Motor Company and driven by Anthony Brandon. The fenders of both vehicles were slightly damaged by the collision. Appellant and Brandon alighted, and an argument ensued as to whose negligence caused the accident. They finally agreed that each should pay for the repairs on his own car. About this time another truck owned by the Davis Motor Company and driven by Jack Faulkner arrived at the scene of the accident. Faulkner stopped his truck, got out, and went to the point where appellant and Brandon were standing. An argument between Faulkner and appellant followed. Faulkner, Brandon, and several other witnesses introduced by the Commonwealth testified that appellant precipitated the fight by striking Faulkner in the face with his fist. They grappled and appellant took his pistol from its holster and struck Faulkner on the head at least twice. Appellant testified that Faulkner struck the first blow, then grabbed him with one hand, and was striking at him with the other when he drew his pistol and struck at Faulkner to force the latter to break his hold. Appellant held the pistol by the handle and struck Faulkner with the barrel. He testified that he did not intend to kill Faulkner, and made no attempt to fire the pistol although it was loaded. After the difficulty Faulkner walked to a store and telephoned to Bill Hamlin in Williamsburg. Later he drove to Williamsburg in Hamlin's car and went to a physician's office where his wounds were dressed. One wound was about two inches long and required three stitches, while the other was about one inch long and was closed with a clip. The wounds were painful, but not dangerous.

In instructing the jury the trial court assumed that

the pistol was a deadly weapon, and on this appeal it is argued in behalf of the Commonwealth that a pistol is a deadly weapon per se. This is true where a pistol is used as a firearm, but where, as in the present case, it is used as an instrument to strike with, the question as to whether or not it is a deadly weapon is for the jury to determine. A pistol used as a bludgeon is not necessarily a deadly weapon. See Annotation 8 A. L. R. 1319. In Riggs v. Commonwealth, 33 S. W. 413, 17 Ky. Law Rep. 1015, the accused was convicted of maliciously striking another with a deadly weapon with intention to kill him. The weapon used in striking was a pistol, and the trial court submitted to the jury the question as to whether it was a deadly weapon, and, in affirming the judgment, it was held that the jury had the right to say that the pistol was a deadly weapon in the manner in which it was used. In the Riggs case the accused beat his victim into insensibility with the pistol. In Smallwood v. Commonwealth, 33 S. W. 822, 17 Ky. Law Rep. 1134, Smallwood was convicted of striking another with a deadly weapon with intention to kill him. The weapon used was a pistol. The judgment was reversed partly on the ground that the trial court had assumed in its instructions to the jury that the pistol was a deadly weapon. This court said:

> "It also seems to us it was the province of the jury to determine whether the pistol was, in the manner it was used, a deadly weapon; and it was improper for the court to assume it was, as appears to have been done in one of the instructions."

The rule is stated thus in Owens v. Commonwealth, 187 Ky. 207, 218 S. W. 719, 720:

> "The established rule on the subject is that, where the weapon is of such character as to admit of but one conclusion in that respect, the question whether or not it is deadly, within the meaning of the statute, is one of law; but, where the weapon employed is such that its deadly character depends upon the manner and circumstances of its use, the question is one of fact for the jury."

See, also, Barton v. Commonwealth, 238 Ky. 356, 38 S. W. (2d) 218; Burgess v. Commonwealth, 176 Ky. 326, 195 S. W. 445; Stanley's Instructions to Juries, section 810.

Instruction No. 4 required the jury to believe from the evidence, beyond a reasonable doubt, that appellant

had established his claim of self-defense. We have frequently held that it is prejudicial error for an instruction to require a jury to believe from the evidence, beyond a reasonable doubt, the facts necessary to authorize an acquittal on the ground of self-defense. Lee v. Commonwealth, 210 Ky. 410, 276 S. W. 127; Reynolds v. Commonwealth, 183 Ky. 375, 209 S. W. 346; Tolliver v. Commonwealth, 161 Ky. 81, 170 S. W. 515; Biggs v. Commonwealth, 159 Ky. 836, 169 S. W. 525.

The judgment is reversed, with directions to grant appellant a new trial, and for further proceedings consistent herewith.