## SUMNER v. COMMONWEALTH.

Court of Appeals of Kentucky.

Oct. 16, 1953.

Fred K. Cope, Hazard, for appellant.

J. D. Buckman, Jr., Atty. Gen., Emmitt G. Fields, Commonwealth's Atty., Whitesburg, Tolbert Combs, County Atty., Hazard, Zeb. A. Stewart, Asst. Atty. Gen., for appellee.

CULLEN, Commissioner.

Leonard Sumner appeals from a judgment sentencing him to five years in the penitentiary following conviction on a charge of maliciously shooting at and wounding another with intent to kill.

The main point argued in appellant's brief is that the verdict was not sup-

ported by the evidence. This argument amounts to nothing more than a contention that the jury should have believed the defendant and his witnesses rather than the witnesses for the Commonwealth. There was ample evidence to sustain the conviction.

A point barely mentioned in appellant's brief, but which we think is most serious, concerns error in the instructions on self defense. The whole theory of the defendant's case was self defense, he claiming that the husband of the prosecuting witness was pointing a gun at him and was about to shoot when the defendant reached for his gun and fired it, hitting the prosecuting witness by mistake in an effort to hit her husband. Since the defendant relied wholly on self defense, it was essential that the instructions on this defense be correct.

■ We find that the instructions were prejudicially erroneous in at least one respect. The separate instruction on self defense was so phrased as to require the jury to believe *beyond a reasonable doubt* that the defendant acted in self defense, in order to find him not guilty. This several times has been held to be an improper instruction. Tolliver v. Commonwealth, 161 Ky. 81, 170 S.W. 515; Reynolds v. Commonwealth, 183 Ky. 375, 209 S.W. 346; Lee v. Commonwealth, 210 Ky. 410, 276 S.W. 127; Angel v. Commonwealth, 289 Ky. 281, 158 S.W.2d 640.

■ In addition, the instructions on shooting and wounding purported to absolve the defendant only if he acted in his "necessary self defense," whereas the rule is well established that the instructions must authorize the absolving of the defendant if the danger or the necessity to act was either real or to the defendant apparent. Vaughn v. Commonwealth, 286 Ky. 712, 151 S.W.2d 778.

■ Furthermore, the separate instruction on self defense contained a phrase absolving the defendant if "he believed and had reasonable grounds to believe" that his person or the person of a member of his family was in danger. The quoted phrase has been condemned. See Thacker v. Commonwealth, 71 S.W. 931, 24 Ky.Law Rep. 1584.

Because of the error in the instructions, the judgment is reversed, with directions to grant a new trial.